GAUTHIER, Appellant, vs. ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY, Respondent.

*January 12—February 7, 1922.*

*Federal employers' liability: Limitation of actions: Estoppel: Fraud.*

1. The right to maintain an action under the federal Employers'
   Liability Act for personal injuries is conditional on bringing
   the suit within two years, as required by sec. 6 of the act,
   which is not merely a limitation of the remedy; and verbal
   promises and acts by the employer that might ordinarily con-
   stitute an estoppel do not estop the employer from pleading
   the limitation.
2. Allegations in a complaint that the defendant employer rep-
   resented to plaintiff that it would settle for his injuries and
   that it would be unnecessary for him to sue, and that he re-
   lied thereon and neglected to sue in time and thereby lost
   his cause of action, are construed to relate to future events
   and not to existing facts, and are therefore insufficient to
   show actionable fraud.

APPEAL from an order of the circuit court for Milwaukee
county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This is an appeal by plaintiff from an order sustaining
defendant's demurrer to a complaint setting up two causes
of action for an injury received by plaintiff while engaged
in interstate commerce in defendant's baggage room at San
Diego, California.

The alleged injury occurred March 2, 1916. This action
was commenced November 5, 1920. Under the federal Em-
ployers' Liability Act (35 U. S. Stats. at Large, 65, ch. 149),
the time within which an action of this nature may be
brought is limited to two years. It appears that plaintiff
filed a claim with the Industrial Accident Board of Cali-
fornia, which claim was denied on October 31, 1916, be-
cause of want of jurisdiction, on the ground that plaintiff's
remedy was solely under the act of Congress.

After setting out the circumstances relative to the injury,
the complaint, in the first cause of action, alleged that de-

fendant, through its claim agent, represented and stated to plaintiff

"That the said defendant would pay to your plaintiff and settle with him for the injuries received, hereinbefore more particularly set forth, and that it would not be necessary to, and that your said plaintiff should not, commence any action under the said acts of Congress against said defendant, and that your plaintiff believed and relied upon such statements and representations of the said defendant, so made, and for that reason failed and neglected to commence, within two years from the time of receiving such injuries, an action under the said acts of Congress to recover such damages, and that the said defendant, by reason of the statements and representations made to your plaintiff by its agents and servants, including the statements made by the said Miller, is estopped from pleading and should not now be heard to plead and claim that your plaintiff's said cause of action is barred or lost by reason of his failure to commence an action for the recovery of such damages, within two years from the time of receiving the same."

The complaint, in the second cause of action, set out the same material facts as above, and in addition alleged that defendant falsely and fraudulently represented and stated to plaintiff

"That the said defendant would pay to your plaintiff and settle with him for the injuries received, hereinbefore more particularly set forth, and that it would not be necessary to, and that your said plaintiff should not, commence any action under the said acts of Congress against said defendant, and that your plaintiff believed and relied upon such false and fraudulent statements and representations of the said defendant, so made, and for that reason failed and neglected to commence, within two years from the time of receiving said injuries, an action under the said acts of Congress to recover such damages.

"And that your plaintiff, by reason of the said false and fraudulent statements and misrepresentations, and by reason of defendant's said deceit, upon which he relied, failed and neglected to commence within two years limited by the

acts of Congress, an action to recover his said damages, and that at the time said defendant, its agents and servants made such false and fraudulent statements and representations, your plaintiff had a good and valid cause of action under said acts of Congress, as he is informed and verily believes, of the value of no less than $25,000, and that by reason and in consequence of such false and fraudulent representations and deceit of defendant, your plaintiff has, as he is informed and believes, lost his cause of action, all to your plaintiff's damage in the sum of $25,000."

For the appellant there was a brief by *Cannon, Waldron & Schweichler* of Milwaukee, attorneys, and *M. L. Lueck* of Beaver Dam, of counsel, and oral argument by *Mr. Lueck.*

For the respondent there was a brief by *Henry V. Kane* of Milwaukee and *Homer W. Davis* of Chicago, attorneys, and *Gardiner Lathrop* of Chicago, of counsel, and oral argument by *Mr. Davis.*

### *First cause of action.*

JONES, J. The first count in the complaint must be regarded as an action brought to recover for personal injury under the federal Employers' Liability Act. The complaint claims damages for personal injury under that act and alleges facts relied on to estop defendant from pleading the statute of limitations.

The section involved is as follows:

"Sec. 6. That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." 8 Fed. Stats. Ann. (2d ed.) p. 1369.

This section is very brief and perfectly clear in its meaning. The act of Congress giving rights of action to employees gives to them new and important rights and imposes new liabilities upon railroad companies. It creates liabilities where none existed before and takes away defenses for-

merly available. Unlike ordinary statutes of limitation, this one is not merely a limitation of the remedy. The act under consideration creates the right and specifies the conditions under which it may be enforced, and a compliance with those conditions is essential. In cases brought under this statute the decisions of the federal courts must govern, and these uniformly hold that the lapse of time not only bars the remedy but also destroys the liability. *Central Vt. R. Co. v. White,* 238 U. S. 507, 35 Sup. Ct. 865; *Atlantic Coast Line R. R. v. Burnette,* 239 U. S. 199, 36 Sup. Ct. 75.

In *American R. Co. v. Coronas,* 230 Fed. 545, 546, it is said:

"The right granted exists only by virtue of the statute, and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right."

In another case Judge SANBORN writing the opinion said:

"A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability." *Partee v. St. L. & S. F. R. Co.* 123 C. C. A. 292, 204 Fed. 970.

In construing another statute, the same rule was stated by this court in *George v. C., M. & St. P. R. Co.* 51 Wis. 603, 8 N. W. 374.

The decisions of this court have been in harmony with the federal decisions above cited, and in cases where it has been claimed that ordinary statutes of limitation have been tolled by verbal promises or by conduct it has been held that they cannot be avoided by showing facts that might ordinarily constitute an estoppel *in pais.* *Williams v. J. L. Gates L. Co.* 146 Wis. 55, 60, 130 N. W. 880; *Boyd v. Mutual Fire Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Pietsch v. Milbrath,* 123 Wis. 647, 101 N. W. 388, 102 N. W. 342; *Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 130 N. W. 234.

Appellant's counsel cite *Guile v. La Crosse G. & E. Co., supra,* but that case declares that a person can be estopped in no other way than that prescribed by the statute, and adheres to the rule stated in the cases above cited. Appellant's counsel also rely on *O'Donnell v. State,* 126 Wis. 599, 106 N. W. 18, a criminal case, but it was there held that there was no estoppel, and we do not regard the decision as one departing from the rule long ago established in this court.

It seems clear that no error was committed by sustaining the demurrer to the first cause of action.

### Second cause of action.

In this count the plaintiff claims recovery on the ground of fraud and deceit. It is claimed that his cause of action was lost by reason of the false representations of defendant. It is the theory of plaintiff's counsel that defendant deprived plaintiff of his cause of action by fraudulent representations and thereby furnished a new cause of action, and that the measure of damages would be the value of the claim as it existed when the fraud was practiced.

It might be urged with some force that to sustain causes of action under such circumstances as here appear would

lead to evasions of statutes of limitation by unscrupulous creditors or claimants and to some extent defeat the purpose of such statutes. Without discussing the subject, we are disposed to base our decision on the ground that no facts are stated in the complaint amounting to fraudulent representations. There was no fiduciary relation existing between plaintiff and defendant. No device or artifice which might induce plaintiff to postpone action is alleged. It is true that there are the allegations that defendant fraudulently represented and stated to plaintiff that it would pay and settle for the injuries received and that it would be unnecessary for plaintiff to bring suit, and that plaintiff relied on such statements and neglected to commence an action for two years under the act of Congress. Appellant's counsel urge that these representations related to existing facts, and rely on the case of *Brown v. Ocean A. & G. Corp.* 153 Wis. 196, 140 N. W. 1112. In that case, after the injury plaintiff was at a hospital under control of defendant's agents and its physicians, and it was alleged he was induced to sign a release of damages by their fraudulent representation that his injuries were not permanent. There were other allegations as to future facts and opinions and promises to pay all expenses, etc. It was held that since these representations were made by persons having special knowledge of the facts, and related in part to the extent of plaintiff's injuries, they should not be construed as mere matters of opinion or future promises.

The argument is made in the brief of appellant's counsel that when defendant's agent "falsely and fraudulently represented that a debt or obligation existed on defendant's part and that the same would be settled and paid without the necessity of plaintiff exercising his legal remedies, a fraud was committed for which redress will be granted."

There is no allegation that any false representation as to defendant's obligation was made, and if there were, such an allegation would be contrary to the other allegations of

Gauthier v. Atchison, T. & S. F. R. Co. 176 Wis. 245.

the complaint and the whole theory on which the action was commenced. We feel compelled to construe the allegations as those relating to future events and not existing facts, and therefore not actionable. Mere promises to pay a debt in the future, although broken, are not fraudulent, although they may be so labeled in the complaint. It is axiomatic that, in drawing a complaint charging fraud, the pleader must state facts constituting the fraud alleged, so that the court may form its own opinion as to its sufficiency.

Plaintiff's counsel argue that the former strict rule has been so relaxed that false representations as to value and opinions may constitute fraud, citing *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790, and *Ohrmundt v. Spiegelhoff,* 175 Wis. 214, 184 N. W. 692. But an examination of these cases will show the peculiar circumstances under which statements of opinion as to value were held actionable and they fall far short of asserting that mere promises to perform acts in the future, although broken, may constitute fraud. Many decisions of this court declare the contrary rule. *Sheldon v. Davidson,* 85 Wis. 138, 55 N. W. 161; *Morrison v. Koch,* 32 Wis. 254; *Patterson v. Wright,* 64 Wis. 289, 25 N. W. 10; *James M. Co. v. Bridge,* 134 Wis. 510, 114 N. W. 1108; *Horton v. Lee,* 106 Wis. 439, 442, 82 N. W. 360; *Tufts v. Weinfeld,* 88 Wis. 647, 60 N. W. 992.

The trial judge did not err in sustaining the demurrer to the second cause of action.

*By the Court.*—The order appealed from is affirmed.