MARY LEWIS, Administratrix of Estate of JOHN LEWIS, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.—23 S. W. (2d) 100.

Division One, December 30, 1929.

*Thomas J. Cole, Arnot L. Sheppard* and *J. C. Sheppard* for appellant.

FRANK, J.—Action by Mary Lewis, administratrix of the estate of John Lewis, deceased, to recover damages from the Missouri Pacific Railroad Company on account of the death of her husband, John Lewis, alleged to have been caused by the negligence of defendant. Plaintiff recovered judgment in the sum of $10,000 and defendant appealed.

Respondent has not favored us with a brief. Appellant closed its brief by saying that respondent would not file a brief. Why respondent has lost interest in this appeal is left to conjecture.

The petition pleads a case under the Federal Employers' Liability Act. At the request of plaintiff it was submitted to the jury on that theory, hence we will so treat it.

Defendant demurred to plaintiff's petition on the ground it appeared from the face of the petition that the alleged cause of action was barred by the Statute of Limitations. This demurrer was overruled, and the cause proceeded to trial. At the beginning of the trial, defendant objected to the introduction of any evidence, and at the close of the case demurred to the evidence, on the ground that it appeared from the face of the petition and from the evidence introduced that plaintiff's cause of action was barred by limitations under the Federal Employers' Liability Act, which provides that:

"No action shall be maintained under this Act unless it is commenced within two years from the day that the cause of action accrued."

It has been recently held by the Supreme Court of the United States that the limitation upon the time for bringing suit for damages for death under the Federal Employers' Act begins to run from the date of death and not from the date of appointment of

an administrator. [Reading Railroad Company v. Koons, 271 U. S. 58, 46 Sup. Ct. Rep. 104.]

The petition pleads, and the evidence tendered in support thereof shows, that deceased was killed on August 22, 1921; that plaintiff was appointed administratrix of his estate on December 14, 1925, and filed this suit on December 17, 1925, which was more than two years after the cause of action accrued. By the terms of the act under which this action was brought, as construed by the Supreme Court of the United States in Reading Railroad Company v. Koons, supra, the cause of action accrued on the date of decedent's death which occurred on August 22, 1921. The answer does not plead the statute of limitations as a defense, so the question is, whether or not defendant is entitled to the benefit of the statute without pleading it. It is well settled that where statutes of limitation affect the remedy only, and not the right, the necessity of pleading such statutes as a defense is governed by the law of the place where the suit is brought. But the rule is otherwise where the statute creating the cause of action also extinguishes the liability if suit is not brought thereon within the time fixed by the statute. The Supreme Court of the United States in Central Vermont Railway Company v. White, Administratrix, 238 U. S 507, 511, states the rule thus:

"There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought. [McNiely v. Holbrook, 12 Pet. 89.] But matters of substance and procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is to be brought is treated as pertaining to the remedy. But this is not so if, by the statute giving the cause of action, the lapse of time not only bars the remedy but destroys the liability. [Phillips v. Grand Trunk Ry., 236 U. S. 662; Boyd v. Clark, 8 Fed. Rep. 849; Hollowell v. Horwick, 14 Mass. 188; Cooper v. Lyons, 77 Tenn. 597 (2); Newcombe v. Steamboat Co., 3 Iowa (G. Greene), 295.] In that class of cases the law of the jurisdiction, creating the cause of action and fixing the time within which it must be asserted, would control even where the suit was brought in the courts of a state which gave a longer period within which to sue."

In order to apply the rules above announced to the facts of this case, it is necessary for us to determine whether or not the two-year limit of time in which suits may be brought, as fixed by the Federal Employers' Act, pertains to the remedy only, or whether such act also destroys the liability, where, as here, the action is not brought within the time limited in the statute.

These questions must be answered by the decisions of the Federal courts construing this statute. The statute here considered was construed by the Circuit Court of Appeals, First Circuit, in the case of American Railroad Co. of Porto Rico v. Coronas, 230 Fed. 545, 546. It is there said:

"The right granted exists only by virtue of the statute, and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time, is a condition to the exercise of the right, and if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right. [Central Vermont Ry. Co. v. White, 238 U. S. 507, 511, 35 Sup. Ct. Rep. 865, 59 L. Ed. 1433; Phillips v. Grand Trunk Ry., 236 U. S. 662, 666, 667, 35 Sup. Ct. Rep. 444, 59 L. Ed. 774.] And it was incumbent upon the plaintiff to allege and prove that his cause of action was brought within the time limited."

The Supreme Court of the United States gives similar statutes a like construction in the following cases: The Harrisburg, 119 U. S. 199, 214; A. J. Phillips Company v. Grand Trunk Western Railway Co., 236 U. S. 662, 667; William Danzer & Company Inc. v. Gulf & Ship Island Railroad Company, 268 U. S. 633, 636; Davis v. Mills, 194 U. S. 451, 454.

In Atlantic Coast Line Railroad v. Burnette, 239 U. S. 199, the plaintiff (defendant in error) was injured by the negligence of defendant on October 5, 1907, while working upon a train running from North Carolina to South Carolina. He brought suit in the state court of North Carolina on January 7, 1910, and recovered judgment. The supreme court of the state, in affirming this judgment, decided that the limitation of two years imposed by the Federal Employers' Liability Act could not be relied upon for want of a plea setting it up. The Supreme Court of the United States reversed this judgment, and in so doing said;

"It also shows that the action was brought too late, and that the defendant insisted upon that point, although it had not pleaded what was apparent on the allegations of the declaration and the admissions of the answer.

"In dealing with the enactments of a paramount authority, such as Congress is, within its sphere, over the States, we are not to be curious in nomenclature if Congress has made its will plain, nor to allow substantive rights to be impaired under the name of procedure. [Central Vermont Railway v. White, 238 U. S. 507, 511.] But irrespective of the fact that the act of Congress is

paramount, when a law that is relied on as a source of an obligation in tort, sets a limit to the existence of what it creates, other jurisdictions naturally have been disinclined to press the obligation farther. [Davis v. Mills, 194 U. S. 451, 454; The Harrisburg, 119 U. S. 199.] There may be special reasons for regarding such obligations imposed upon railroads by the statutes of the United States as so limited. [Phillips v. Grand Trunk Western Ry. Co., 236 U. S. 662, 667.] At all events the act of Congress creates the only obligation that has existed since its enactment in a case like this, whatever similar ones formerly may have been found under local law emanating from a different source. [Winfree v. Northern Pacific Ry., 227 U. S. 296, 302.] If it be available in a state court to found a right, and the record shows a lapse of time after which the act says that no action shall be maintained, the action must fail in the courts of a State as in those of the United States.''

It is clear from 'the decisions of the Federal Courts construing the act in question, that the limitation of two years imposed by said act, not only bars the remedy, but extinguishes the cause of action in all cases where suit is not brought within two years from the date the cause of action accrued. And where, as in this case, it appears from the petition and from the evidence adduced in support thereof, that the suit was not brought within the time limited in the statute, defendant is entitled to the benefit of the statute without pleading it, because both the petition and the evidence conclusively showed that the cause of action which once existed, had been destroyed by lapse of time.

We therefore hold that plaintiff's cause of action was completely barred by limitation before this suit was brought. This conclusion renders it unnecessary to consider other points raised by appellant.

For the reasons stated the judgment of the trial court is reversed. All concur.