Zimmerman, J.
 

 Since an interstate shipment of property is involved in this case, Federal laws are controlling.
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 S. J. Killer & Bros. Co.,
 
 97 Ohio St., 262, 119 N. E., 733;
 
 Adams Express Co.
 
 v.
 
 Croninger,
 
 226 U. S., 491, 33 S. Ct., 148, 57 L. Ed., 314, 44 L. R. A. (N. S.), 257. Paragraph 11, Section 20, Title 49 of the United States Code has particular application. This paragraph in its original form was known as the “Carmack Amendment,” and fixes the duties, liabilities, etc., of common carriers, railroads and transportation companies as to interstate shipments of property under receipts or bills of lading. Its most radical departure from previous legislation was to make the initial transportation agency liable for loss, damage or injury to property caused by it or by any other transportation agency to which such property might be delivered or over whose line or lines such property might pass.
 

 It must be conceded that any cause of action which plaintiff in error had against defendant in error on the matter in issue accrued during the closing days of December 1929, when it was fully apprised of the damaged condition in which the roses had been delivered to the consignee. At that time Paragraph 11, as amended March 4, 1927 (44 Stats, at L., 1448, Chapter 510, Section 3), was in force, and contained the following language:
 

 “Provided, however,
 
 That if the loss, damage or injury complained of was due to carelessness or negli
 
 *20
 
 gence while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit or in loading or unloading, then no notice of claim or filing of claim shall be required as a condition precedent to recovery,
 
 but in no case under this proviso ¿hall suit be instituted after three years from- the time such ccmse of action accrued,”
 
 (Italics ours.)
 

 Paragraph 11 was again amended on April 23, 1930 (46 Stats, at L., 251, Chapter 208), and was in force when plaintiff in error instituted the present action, as it is now. The two amendments are substantially the same, except omitted in toto from the later amendment is the above quoted proviso.
 

 Plaintiff in error maintains that the three year limitation contained in the 1927 amendment is procedural ih nature rather than substantive, barring the remedy only and leaving the basic right of action unimpaired; hence such limitation being omitted from the 1930 amendment there was no impediment to bringing the action on January 17, 1933.
 

 On the other hand, defendant in error is insistent that the limitation in the amendment of 1927 created a condition governing the right to sue, therefore plaintiff in error through failure to bring its action within three years from the time of its accrual lost its right of action, and the absence of such limitation in the amendment of 1930 is of no assistance to it.
 

 There is a marked distinction between pure statutes of limitation affecting the remedy only which must be specially pleaded as a defense, and special statutory limitations taking away the right itself. In the latter class, time is of the essence of the right, and the lapse of the prescribed period in which an action may be commenced wholly extinguishes the right. Consequently, where a cause of action accrues under a statute containing a condition qualifying the right, subsequent amendment or repeal of such statute does not
 
 *21
 
 have the effect of extending the time in which the action may be brought. The following cases are illustrative of the principle:
 
 Davis
 
 v.
 
 Mills,
 
 194 U. S., 451, 24 S. Ct., 692, 48 L. Ed., 1067;
 
 A. J. Phillips Co.
 
 v.
 
 Grand Trunk Western Ry. Co.,
 
 236 U. S., 662, 35 S. Ct., 444, 59 L. Ed., 774;
 
 Kansas City Southern Ry. Co.
 
 v.
 
 Wolf,
 
 261 U. S., 133, 43 S. Ct., 259, 67 L. Ed., 571;
 
 United States, ex rel. Louisville Cement Co.,
 
 v.
 
 Interstate Commerce Comm.,
 
 246 U. S., 638, 38 S. Ct., 408, 62 L. Ed., 914;
 
 Link
 
 v.
 
 Receivers of Seaboard Air Line Ry. Co.,
 
 73 F. (2d), 149 (C. C. A. 4);
 
 Lewis, Admx.,
 
 v.
 
 Mo. Pac. Rd. Co.,
 
 324 Mo., 266, 23 S. W. (2d), 100;
 
 Bowery
 
 v.
 
 Babbit,
 
 99 Fla., 1151, 128 So., 801;
 
 Errett, Gdn.,
 
 v.
 
 Howert,
 
 78 Ohio St., 109, 84 N. E., 753;
 
 Pittsburg, C. & St. L. Ry. Co.
 
 v.
 
 Hine, Admx.,
 
 25 Ohio St., 629;
 
 McVeigh
 
 v.
 
 Fetterman,
 
 95 Ohio St., 292, 116 N. E., 518.
 

 Ordinarily a common carrier may enter into an enforceable contract with a shipper requiring the latter to make claim for loss within a specified time, not shorter than may be prescribed by law, as a condition precedent to recovery.
 
 Gillette Safety Razor Co.
 
 v.
 
 Davis, Dir. Genl. of Rds.,
 
 278 F., 864 (C. C. A. 1). Certiorari denied, 259 U. S., 587, 42 S. Ct., 590, 66 L. Ed., 1077. And compare,
 
 Pennsylvania Co.
 
 v.
 
 Shearer,
 
 75 Ohio St., 249, 79 N. E., 431, 116 Am. St. Rep., 730, 9 Ann. Cas., 15.
 

 Paragraph 11, as amended March 4,1927, takes away from a carrier the right to insist on notice of claim or filing of claim as a condition precedent to recovery “if the loss, damage, or injury complained of was due to carelessness or negligence” etc., but as compensation therefor the claimant is required to institute his action within three years of its accrual, or lose his right to do so.
 

 Any cause of action which plaintiff in error had, accrued while the amendment of 1927 was operative. The action brought was founded on negligence and undue delay in transit. We are persuaded that the
 
 *22
 
 three year limitation of the 1927 amendment comes within the classification of special statutory limitations destroying the right of action itself when not asserted within the time prescribed, and that when plaintiff in error slept on its rights and allowed more than three years to elapse before bringing suit it was then faced with an insurmountable obstacle to success. In passing it might be appropriate to state that we have accepted and considered the question decided on the theory presented and argued by contending counsel.
 

 As a concluding word we cannot resist the temptation to comment on Paragraph 11 as amended April 23, 1930. In reality it is more favorable to the carrier than the amendment of 1927. Omitted from the 1930 amendment is any provision dispensing with notice of claim or filing of claim as a condition precedent to recovery, “if the loss, damage, or injury complained of was due to carelessness or negligence while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit.” It would therefore appear under the latest amendment that a receipt or bill of lading may lawfully contain an enforceable stipulation making written claim to the carrier for loss, damage or injury to a shipment of property within an authorized stated time a condition precedent to recovery, no matter to what cause the loss is attributable.
 

 Finding no error in the judgment of the Court of Appeals, the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Day, JJ., concur.