WICHITA FALLS & SOUTHERN RAILROAD COMPANY
v. R. L. DURHAM.

No. 7100. Decided November 9, 1938.
Rehearing overruled January 4, 1939.
(120 S. W., 2d Series, 803.)

*Bullington, Humphrey & King,* of Wichita Falls, *Harrell & Allison,* of Breckenridge, for plaintiff in error.

Neither infancy, insanity, fraud, nor any other excuse permits the bringing of an action for personal injuries by an employee under the Federal Employers' Liability Act after the expiration of two years from the date of the accident. Reading Co. v. Koons. 271 U. S. 58, 70 L. Ed. 835; American Railway Co. v. Coronas, 230 Fed. 545.

*E. W. Napier,* of Wichita Falls, for defendant in error.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

A full statement of the factual background of the present controversy appears in the opinion of the Court of Civil Ap-

peals. Durham v. Wichita Falls & S. R. R. Co., 92 S. W. (2d) 282. We will here epitomize the case, giving only such facts as we regard as controlling. Durham was employed as a fireman by plaintiff in error and received injuries which he alleges permanently disable him, as fully set out in the above opinion. The case is ruled by the terms of the Federal Employers Liability Act. Among these is the following provision:

"No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." (Sec. 56, Title 45, U. S. C. A.)

Durham was injured on March 30th, 1927. He filed this suit on March 23, 1934. He executed a release in consideration of a payment to him of $550.00 on June 29th, 1927. Previous to the institution of the present suit he had twice filed suits upon the original cause of action for negligence alleging fraud in the procurement of the said release. The first was apparently voluntarily dismissed and a general demurrer was sustained to the second. This presumably because his suit was not instituted within the two years provided by the above act. He then filed this suit based upon allegations presenting the theory of the loss of the value of his cause of action which he alleges he had against the company and which he lost by reason of the fraud practiced upon him by the company and but for which he would have enforced within the two year statutory period prescribed above.

The case is one of first impression in Texas. The trial court peremptorily instructed the jury against Durham. The Court of Civil Appeals reversed and remanded the case.

██ The above statute is not strictly speaking a statute of limitation. If it were a different question would be presented. It constitutes a condition precedent of the right to sue in any case coming within its purview. Its terms are mandatory and no excuse, so far as we can ascertain, has ever been allowed in American jurisprudence for a violation of the above two year provision. Even insanity produced by the injury itself is no excuse for failure to file a suit within two years. Alvarado v. Southern P. Co., 193 S. W. 1108. See also 16 A. L. R. 483. Nor is fraud or infancy. Gauthier v. Atchison, T. & S. F. Ry. Co., 176 Wis. 245, 186 N. W. 619; Link v. Carolina & N. W. Ry. Co., 198 N. C. 78, 150 S. E. 672. Of the statute it has been said:

"Under this section a suit may not be maintained, if not brought within the time limited, although plaintiff relied on fraudulent representations. Bement v. Grand Rapids & Ind.

Ry. Co. (1916) 160 N. W. 424, 194 Mich. 64, L. R. A. 1917E, 322. The court said: 'A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the ·benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period. The action not having been brought within such period designated by the statute, it is lost.' * * * Gauthier v. Atchison, T. & S. F. Ry. Co. (1922) 186 N. W. 619, 176 Wis. 245."

It is not even necessary to plead the statute as a defense, provided of course, sufficient facts appear to raise the defense. Lewis v. Missouri Pacific R. Co. 324 Mo. 266, 23 S. W. (2d) 100. See note 6 to Section 56, Title 45, U. S. C. A. for other cases.

Justice Holmes, speaking of this statute, uses the following language:

"The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release." Flynn v. New York, N. H. & H. R. Co., 283 U. S. 53, 56, 75 L. Ed. 839, 51 Sup. Ct. 357, 72 A. L. R. 1311.

Giving effect to the above holdings, defendant in error Durham occupies no better position here than if he had voluntarily allowed his cause of action to die by lapse of two years. At that time the law releases his claim and hears no defenses.

Suppose Durham in this case had voluntarily executed a valid release of his claim at the end of two years? Could any judicial mind doubt that thereafter he .would be precluded from bringing a suit of the present character, based as we view it, in its essential details, upon the precise facts as his original action for negligence? Justice Holmes has placed him in that status by his language quoted above. No fact has been pointed out either by the Court of Civil Appeals or by defendant in error of any damages suffered by defendant in error, Durham,

in this case, by reason of the alleged fraud, except such as flowed proximately from the alleged negligent act of the company, and which admittedly died at the end of two years from the date of the accident.

Of the three cases filed by defendant in error, the factual basis, as we view it, for each was essentially the same. The first and second admittedly could not be maintained. Nor could the third, which is the present case, unless proof was made of damages separate and apart from his original case of negligence. If such a case is ever maintainable, it could be only upon a basis differing in some of its essentials from the one already dead and effectually released by law. If he could make such proof, none such appears here. He depended in this case upon proof of the original negligence, the consequent damages and the fraud, which was exactly his original cause of action, which the law precludes.

In two reported cases a recovery of a similar claim was denied, for somewhat different reasons from those stated here. Whitman v. Seaboard Airline Ry. Co., 107 S. C. 198, 92 S. E. 861, L. R. A. 1917F, 717; Taylor v. Hopper, 207 Calif. 102, 276 Pac. 990. In the latter case it is said:

"The compromise made in the case before us was of a disputed claim, unliquidated in amount, and there is no practicable measure of damages for the action sought to be maintained."

An opposite conclusion was reached in the case of Desmaris v. Peoples Gaslight Co., 79 N. H. 195, 107 Atl. 491. The present case is distinguishable perhaps from either of these. However that may be, this Court follows the rule announced by the Supreme Court of the United States, and holds that this cause of action differed in name only from the original cause of action based upon negligence, and since the law had released it, the present suit is not maintainable.

The judgment of the trial court is affirmed and that of the Court of Civil Appeals is reversed.

Opinion adopted by the Supreme Court, November 9, 1938.

Rehearing overruled January 4, 1939.