**Alma DOBBS, Administratrix of the Estate of J. A. Dobbs, Deceased, Appellant,**

v.

**E. M. RUSSELL et al., Appellees.**

No. 16224.

Court of Civil Appeals of Texas.

Fort Worth.

June 2, 1961.

Rehearing Denied June 30, 1961.

Spurlock, Schattman & Jacobs, and Denning Schattman, Fort Worth, for appellant.

Borden & Hand and I. B. Hand, Weatherford, for appellees.

MASSEY, Chief Justice.

Appellees, E. M. Russell et al., sued Alma Dobbs as Administratrix of the Estate of J. A. Dobbs, deceased, to establish a debt due them by the Estate. Said deceased died intestate. Judgment was entered in the trial court upon jury findings to the effect that the attorney for the appellant Administratrix, by his acts, representations and conduct, led appellees to believe that the Administratrix would approve and pay the claim against the estate filed by them; that such acts, representations and conduct of said attorney were such as would lead a reasonably prudent person to believe that the Administratrix would approve and pay the claim; and that in reliance thereupon the appellees did delay in filing suit until after the expiration of ninety (90) days immediately subsequent to the date on which operation of law supplied and effected a rejection of the claim against the aforesaid Estate under the provisions of the Texas Probate Code (V.A.T.S.) Section 310 "Failure to Endorse or Annex Memorandum (in rejection of claim)".

It is the appellant's position on the appeal that pertinent provisions of the Pro-

bate Code foreclosed the indebtedness claimed, particularly because Section 313 thereof, "Suit on Rejected Claim", provides that "When a claim or a part thereof has been rejected by the representative (of the Estate), the claimant shall institute suit thereon within ninety days after such rejection, *or the claim shall be barred.*" (Emphasis supplied). In making such contention appellant points out that prior to the time it was superseded by the Probate Code Vernon's Annotated Texas Civil Statutes Art. 3522, "May sue on rejected claim", provided that "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit * * *."

It is the appellant's contention that the "promissory estoppel" theory upon which appellees rely could have no application. The promises and representations upon which appellees rely are represented in the answers returned by the jury and which we outlined above, albeit in our own words rather than in the form appearing in the verdict. Appellees say that justice demands application and enforcement of the doctrine of "promissory estoppel", as amounting to a contract between the parties. Restatement of the Law, Contracts, Topic 4 "Informal Contracts Without Assent or Consideration", Section 90 "Promise Reasonably Inducing Definite and Substantial Action", states the rule thusly: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

The principle as applied to our question is discussed in 3 Pomeroy's Equity Jurisprudence, 5th Edition, p. 215, "Equitable Estoppel—Elements, Etc.", Section 808b "Promissory Estoppel", where the author states the following: "Further applications of the doctrine of promissory estoppel

may be found in those cases where it is held that one who, by promises or assurances that he will not take advantage of a statute of limitations, induces another to forbear suit against him until after the expiration of the statutory period, is estopped from asserting the bar of the statute." Appellees cite three cases as having application to the matter of estate administration. They were decided prior to the effective date of the Probate Code. The cases are: Kyle v. House, 1873, 38 Tex. 155; Schultze v. Schultze, Tex.Civ. App., Eastland, 1948, 209 S.W.2d 791, writ ref. n. r. e.; and Rauch v. Hearne, Tex. Civ.App., Waco, 1945, 189 S.W.2d 342, writ ref. w. m. Another case cited is Stamps v. Varelas, Tex.Civ.App., San Antonio, 1958, 313 S.W.2d 141, as to which provisions of the Probate Code had application, although the questions before us were not part of the matter for decision in the case. In its discussion the court indicated an opinion that if the appellant in the case had plead and proved fraud, estoppel or waiver, the ninety day limitation period provided by Section 313 of the Probate Code could have been avoided.

In 17A V.A.T.S. Probate Code appears a foreword by R. Dean Moorhead concerning the work of the committee which drafted the same. It is stated therein that the primary goal of those who worked on the Code was to eliminate the conflicts, to clarify the ambiguities, to fill the gaps, to modernize some of the language, and otherwise to deal with particular statutes which had proved productive of problems. Furthermore, the draftsmen sedulously sought to avoid changing any statute unless a change was deemed necessary for one of the aforementioned reasons. The section of the Code with which we are concerned is one which was changed.

In some authoritative cases, although somewhat ancient, it was held that where a claimant failed to file suit within the ninety day period provided by law after his claim against the estate of a decedent was affirmatively rejected the debt claimed

was no longer a subsisting debt against the estate and could not be revived; that after the expiration of such period it was barred as a claim against the Estate. Crosby v. McWillie and Moreland, 1853, 11 Tex. 94, 95; Willis v. Talbert, Tex.Sup.1889, 11 S.W. 535. Other authorities recognize that there are two classifications of statutes of limitation, one class of which operates merely to bar enforcement of the right in court, and which thereby destroys the remedy only, and the other class which operates not only to bar the remedy but to also divest title or take away the right itself. Goldfrank, Frank & Co. v. Young, 1885, 64 Tex. 432; First Nat. Bank of Alvarado v. Lane, Tex.Civ.App., Waco, 1924, 265 S.W. 763, error refused; Wichita Falls & S. R. Co. v. Durham, 1938, 132 Tex. 143, 120 S.W.2d 803, 120 A.L.R. 1497. As applied to the latter class of cases the lapse of the period provided by law creates an absolute bar to the right of action itself and is not merely destructive of the remedy. In such cases the claim or title itself is ipso facto extinguished upon the expiration of the period prescribed and becomes a nullity. 53 C.J.S. Limitations of Actions § 30, p. 975, "Statutes Extinguishing Right of Action"; 54 C.J.S. Limitations of Actions § 357b, p. 491 "—Exceptions to General Rule * * * Where right as well as remedy extinguished." Where the statute by its terms, or by necessary implication, absolutely extinguishes the debt or demand itself, and makes limitation of time an essential element of the cause of action, the debt is discharged and not merely the remedy to enforce collection of the debt. 53 C.J.S., Limitations of Actions, p. 925, Topic II "Operation And Effect As Bar", Subtopic A. "Operation As To Rights And Remedies In General", § 6b "In General * * * Bar of remedy only."

We have reached the conclusion that proper construction of the pertinent provisions of the Probate Code, particularly Sections 309 "Memorandum of Allowance or Rejection of Claim", 310 "Failure to Endorse or Annex Memorandum", and 313 "Suit on Rejected Claim", compels a holding that the claim of appellees in the instant case was foreclosed after the expiration of the ninety-day period immediately following the date on which it was rejected by operation of law under the provisions of Section 310,—and that it was not merely the remedy which was foreclosed, but the debt itself stood discharged. In other words, if there was doubt as to whether the law in its former state barred the debt as well as the remedy, the Legislature removed the doubt and provided that in the absence of institution of suit (somewhat in the nature of taking an appeal) the debt should be barred as well as the remedy upon the expiration of ninety days from the date an effective claim therefor was rejected. In such respect the discussion of Judge Stayton in Goldfrank, Frank & Co. v. Young, supra, proved beneficial.

Furthermore, since the debt itself became absolutely barred upon the expiration of ninety days after claim therefor was filed equity would not be available to be invoked in appellees' behalf to toll the provisions as to time and thus permit them a remedy. It would only be in those cases where the cause of action itself would persist that equity could extend its hand upon proper justification and make available a remedy otherwise foreclosed at law, and this is not such a case.

We are, of course, not unmindful of the fact that after the date the claim of the appellees was effectively rejected by operation of law, perforce Section 310, the appellant Administratrix was wholly without authority to have either affirmatively rejected the claim, or to have invited and accepted the same claim had it been again filed. Even under the law antedating the effectiveness of the Probate Code this was true in all cases of affirmative rejection. Indeed, any attempt by appellant, as administratrix, to have paid the claim or any part thereof after the same was rejected by operation of law would have been without authority of law and at rather extreme peril.

While the judgment of the court below will be reversed and rendered in view of our holdings, we take occasion to note that in the event we err as to the grounds therefor the judgment would nevertheless be one which should be remanded for another trial, at least absent remittitur in the amount of $1,996.50. Most of the claim sued upon was evidenced by notes executed by the deceased, but $1,996.50 was for hospital and medical services, for the period from November 7, 1956 to March 26, 1957, under a contract with the deceased. Such evidence as was introduced in proof of the claim to such extent was inhibited under V.A.T.S. Art. 3716, the "dead man's statute". Ditto v. Ditto Investment Co. 1958, 158 Tex. 104, 309 S.W.2d 219.

Judgment below reversed and judgment rendered that appellees take nothing by their suit.