## R. G. KYLE ET ALS. v. T. W. HOUSE.

1. Where an executor took possession of a claim against his decedent's estate, not barred by limitation, promising to allow and pay it, but, after holding it until he believed it barred, returned it disallowed—*held*, that suit within three months after such rejection was in time.
2. Confederate notes cannot be allowed to have had any value.

APPEAL from Fort Bend.    Tried below before the Hon. L. Lindsey.

This suit was brought at the Spring Term, 1869, of the District Court of Fort Bend county, by T. W. House against R. G. Kyle and A. Sessums, executors of W. J. Kyle, upon two open accounts and a note; the accounts being for goods sold to Kyle to enable him to carry on his farm in Fort Bend county.    The claims were presented to A. Sessums, within the time prescribed by law, duly proven, who took them, promising to allow and pay them, but, after keeping them until he believed them barred by limitation, returned them to House disallowed.

The other material facts sufficiently appear in the opinion of the court.

*John T. Harcourt*, for appellant.

*W. L. Davidson*, for appellee.

WALKER, J.—This case stands on motion for a rehearing.    The motion is granted, and the cause will now be reconsidered.    Neither party being satisfied with the judgment of the court below we reversed the case, and believing that the action was barred by limitation we dismissed the cause, but the statement of facts now called to our attention induces us to change our former ruling.

The evidence shows that during most of the time the statute would otherwise have run the appellee had the

claim in his possession, promising to allow and pay it, and that he so kept it until he believed that it was barred by limitation, and then returned it disallowed. If the suit was brought within three months after this, it was in time. But there is error in the proceedings of the District Court which we must notice. We see no reason why the plaintiff below could not join both his note and accounts in one action. We think the court also erred in estimating the items of Confederate money in the account at their cash value. We know of no law or decision of this court which would have authorized this proceeding. It must therefore be held as error.

We do not wish to be understood as passing upon the conduct of T. W. House, as making out a case of fraud, but simply to say, if the facts do make out a case of fraud against him, it takes the case out of the statute of limitation.

For the reasons herein suggested, the judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.