## DENT v. A. HARRIS & CO. (No. 8866.)

(Court of. Civil Appeals of Texas. Dallas. Oct. 20, 1923.)

1. Executors and administrators ⬉224, 227 (3)—Claim on unsatisfied judgment must be verified and presented to administrator for allowance.

Under Rev. St. art. 3439, providing that no executor or administrator shall allow any claims for money, unless accompanied by an affidavit that all legal offsets, payments, and claims have been allowed, a claim on a judgment against decedent must be verified and presented to administrator for allowance before it can have any standing in the probate court.

2. Executors and administrators ⬉437(7)— Suit must be brought on unsatisfied judgment when rejected by administrator.

Rev. St. art. 3449, providing that, when a claim for money against an estate has been rejected by the administrator, claimant must bring suit within 90 days after such rejection against administrator for its establishment, applies to judgment recovered against decedent in his lifetime.

3. Executors and administrators ⬉236—Statute for payment of claims established by judgment refers to judgment against administrator.

Rev. St. art. 3461, providing no claim for money shall be paid until it has been approved by ·the county judge or established by judgment, refers to a judgment obtained under article 3449, against the administrator, and not a mere money judgment obtained during the lifetime of the decedent.

4. Executors and administrators ⬉236—Correctness of rejected claim on judgment must be established by suit before payment can be ordered.

Where claim against administrator on a money judgment obtained against decedent was rejected, before claimant can proceed under Rev. St. art. 3462, for an order of the county court directing payment, its correctness must be established by suit against the administrator as required by article 3449.

5. Executors and administrators ⬉437(7)— Claim against administrator barred by three months' statute of limitation when administrator took no action.

. Where a period of two years elapsed between the time of presenting a claim to the administrator of an estate and proceedings looking to the collection of the claim, the refusal of the administrator to either allow or reject the claim being equivalent to a rejection, the claim is barred by the three months' statute of limitation.

Appeal from District Court, Dallas County; J. E. Gilbert, Judge.

Proceeding by A. Harris & Co. against D. C. Dent. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. H. Graham, of Dallas, for appellant.
Lee Richardson, of Dallas, for appellee.

JONES, C. J. On September 27, 1915, appellee, A. Harris & Co., a corporation, recovered judgment in the justice court of Dallas county against Mrs. P. E. Mitchell for the principal sum of $161.85, together with costs of suit. Execution was duly issued on said judgment, and was returned into court nulla bona. Some time thereafter the said Mrs. Mitchell died, leaving a will, by the terms of which she left all of her personal property to appellant, who was her nephew. Appellant was appointed administrator of the estate by the probate court of Dallas county, Tex., in the early part of the year 1919 Thereafter, on May 10, 1919, appellee duly presented its claim in writing to appellant, as such administrator properly verified, for the amount of the judgment, including interest to date of presentment and costs. Appellant took no action whatever upon this claim, but ignored it.

The record does not disclose that appellee further interested itself about the claim until on June 1, 1921, when, through its attorney, it made request in writing of the administrator that said claim be by him allowed and returned to said attorney, so that he could have same approved by the probate court. This request was also ignored, and, on June 3, 1921, appellee filed its petition in the county court of Dallas county in the probate division thereof, praying that appellant, as administrator, be cited to appear and show cause why an order of the probate court should not be made and entered, ordering and directing him to pay appellee's claim under article 3462, Revised Statutes. The petition alleged the death of Mrs. Mitchell, the appointment and qualification of appellant as administrator of her estate, and that the administration was still pending in the probate court with appellant as such administrator. The fact of the judgment having been secured was also alleged, and that no part of same had been paid. The date as given above of its presentation to the administrator was alleged, and that said claim had never been allowed or paid, but that appellant, as such administrator, had wholly ignored same. It was further alleged that the administrator had funds belonging to the estate in his hands sufficient to pay said claim.

Upon trial of the case in the probate court an order was secured directing appellant as administrator to pay said claim. From this order appellant prosecuted an appeal to the district court of Dallas county, where, upon trial before the court, the same conclusion was reached, and the same order entered. Appellant has duly prosecuted his appeal to this court.

As this is a suit originating in the probate court against appellant as the administrator of the estate of Mrs. P. E. Mitchell, deceased, the correctness of the judgment must be determined by a construction of the statutes

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

controlling the presentment, allowance, and payment of claims against an estate. Article 3439 of our Revised Statutes provides that—

"No executor or administrator shall allow any claim for money against his testator or intestate, nor shall any county judge approve the same, unless such claim is accompanied by an affidavit in writing that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed."

Article 3449 provides that—

"When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within 90 days after such rejection, and not thereafter, bring a suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

Article 3461 provides that—

"No claim for money, or any part thereof, shall be paid until it has been approved by the county judge or established by the judgment of a court of competent jurisdiction."

Article 3462 provides that—

"Whenever an executor or administrator has funds of the estate in his hands sufficient to pay a claim, or any part thereof, against the estate, and fails to make such payment when required to do so by the owner of such claim, such owner may obtain an order of the county court, at a regular term thereof, directing such payment to be made, upon making proof that such executor or administrator has funds of the estate in his hands which should be paid upon such claim, and that he fails to make such payment."

From the foregoing statutes we conclude:

[1] First. That, notwithstanding the fact that appellee's claim had been reduced to judgment within the lifetime of the decedent, it was necessary that the same, verified as required by statute, be presented to the administrator for allowance before it could have any standing in the probate court of Dallas county. This is made clear by the very wording of the statute that "No executor or administrator shall allow any claim for money," making no exception whatever in favor of a claim, which, prior to the administration, had been reduced to judgment. It is also made clear by the further requirements of the statute that the claimant shall make "an affidavit in writing that the claim is just, and that all legal offsets, payments, and credits known to affiant have been allowed." There could have been payments made on the judgment, and there could have been legal offsets to the judgment, which would have rendered its allowance unjust, and, to guard against this, the said provision of our probate laws was enacted. It is also provided that, if such claim thus duly presented is allowed by the executor or administrator, it must then be presented to the county judge for his approval, and is not subject to payment until this approval has been obtained.

[2] Second. That appellee's claim comes within the purview of article 3449, and that upon a rejection by the administrator it became necessary for suit to be filed to establish the validity of said claim within 90 days from its rejection, and that no suit for such purpose is permitted to be filed after the expiration of this period of limitation. Upon the death of Mrs. Mitchell and the administration of her estate by the probate court, the judgment, being merely for a debt, without the foreclosure of any lien on property, ceased to have the usual force of a judgment, and became merely a claim to be established in the probate court administering the estate in the same manner as any other money claim.

[3, 4] Third. The judgment referred to in article 3461 designates a judgment authorized and comprehended by article 3449, obtained after the rejection of a claim by an executor or administrator, and does not designate a mere judgment for money obtained during the lifetime of the decedent. Before appellee could file the character of suit filed in this case, which is a proceeding authorized by article 3462, it would have to overcome the force of the rejection of its claim by the administrator by establishing its correctness by a judgment in the proper court as authorized by article 3449. There is no claim that this has been done.

[5] Under the facts found by the trial judge, more than two years elapsed from the presentation of appellee's claim before any proceedings were undertaken looking to the collection of the claim. When appellant, as administrator, refused to make either an indorsement of allowance or rejection on appellee's claim, it was tantamount to a rejection. After a reasonable time had elapsed for a consideration of the claim, the three months' statute of limitation would be set in motion. In the case of Butler v. Fechner (Tex. Civ. App.) 200 S. W. 1126, it was held that after a year had elapsed from the presentation of the claim to the administrator, and within which time the administrator had neither placed his indorsement of allowance or rejection on said claim, but had ignored it, as was done in the instant case, the claim was barred by this period of limitation. Under this authority, more than two years having elapsed since the filing of this claim, it must be held that no suit can now be filed to establish the validity of the claim as a precedent to compelling its payment.

It therefore follows that the trial court erred in the judgment rendered, that the claim was barred before the institution of the proceedings in this case, and that this cause must be reversed and rendered in favor of appellant.

Reversed and rendered.