E. M. RUSSELL AND P. L. ALLEN, Petitioners

v.

ALMA DOBBS, ADMINISTRATRIX OF THE ESTATE OF J. A. DOBBS, Deceased, Respondent

No. A-8564. Decided February 28, 1962
354 S.W. 2d 373

*Borden & Hand,* Weatherford, for petitioners.

*Spurlock, Schattman & Jacobs,* Fort Worth, for respondent.

WALKER, Justice.

This action was brought by E. M. Russell and P. L. Allen, petitioners, against Alma Dobbs, Administratrix of the Estate of J. A. Dobbs, deceased, respondent, to establish a claim against the Estate. The claim was not presented to the Administratrix in person but was deposited with the County Clerk on August 24, 1957, as authorized by Section 308 of the Texas Probate Code.[1] It was never formally allowed or rejected by the Administratrix, and this suit was instituted on June 10, 1958.

In response to the three special issues submitted, the jury found: (1) that the attorney for the Administratrix by his acts, representations and conduct led petitioners to believe that the Administratrix would approve and pay the claim; (2) that such acts, representations and conduct would have led a reasonably prudent person to believe the Administratrix would approve and pay the claim; and (3) that in reliance thereon petitioners delayed in filing suit until after April 3, 1958. Judgment was entered by the trial court establishing the claim as filed and directing that a copy of the decree be certified to the Probate Court. The Court of Civil Appeals reversed and rendered, holding: (a)

---

1. Except as otherwise indicated all statutes are referred to by the section number under which they appear in V.A.T-S. Probate Code.

that the claim was rejected by operation of law at the end of thirty days after it was filed with the Clerk; (b) that the debt was extinguished when petitioners did not institute suit within ninety days thereafter; and (c) that equitable estoppel could not save petitioners from the consequences of their delay. 347 S.W. 2d 796.

■ Section 308 authorizes claims to be presented by depositing same with the clerk. It also provides that a claim shall be presumed to be rejected in the event the representative fails to act thereon within thirty days after it is filed, and that the failure of the clerk to notify the representative or his attorney shall not affect the validity of the presentment or the presumption of rejection. Petitioners contend that the presumption created by the statute is rebuttable and was overcome in this case by the jury findings mentioned above. We do not agree.

Prior to the adoption of the Probate Code, an executor, administrator or guardian was required to endorse his allowance or rejection on any claim presented to him. The failure to do so operated as a rejection of the claim and authorized the claimant to institute suit. See Articles 3516, 3517, 4242, 4243, Texas Rev. Civ. Stat. 1925. The statutes did not prescribe a time within which the representative must act, and it was held that the claim would be deemed rejected at the expiration of a reasonable time after presentment. See Chandler v. Warlick, Texas Civ. App., 321 S.W. 2d 897 (wr. ref. n.r.e.) ; Dent v. A. Harris & Co., Texas Civ. App., 255 S.W. 221 (no writ). What constituted a reasonable time was ordinarily a question of fact, and it was necessary for a creditor to decide that question at his peril. No suit could be instituted more than ninety days after expiration of a reasonable period, while one brought before the representative had a fair opportunity to investigate the claim was subject to being abated. See Burke v. Guilford Mortgage Co., Texas Civ. App., 161 S.W. 2d 574 (wr. ref. w. m.).

Much of the uncertainty as to the timing of the steps that must be taken by a claimant to protect his rights was eliminated by the provisions of the Probate Code. The representative is now required to endorse his allowance or rejection on the claim within thirty days after it is presented to him or filed with the clerk. Section 309. His failure to act within the prescribed period on a claim presented to him constitutes a rejection of the claim, and subjects the representative to liability for court costs and to removal from office if the claim is thereafter established by suit. Section 310. In view of these provisions, we are satisfied

that the Legislature did not intend to create merely a rebuttable presumption of rejection when the representative fails to act within thirty days on a claim deposited with the clerk.

■ Section 308 was enacted primarily for the benefit of creditors. It provides a method of presenting claims when the representative cannot be located, and also fixes a definite time at which the claimant becomes entitled to institute suit in the event his claim is not allowed. The purpose of the statute would be defeated if an action instituted by the creditor after expiration of the thirty-day period could be abated upon a showing by the representative that the claim had not been rejected in fact. Since the claim is presumed to be rejected even though the clerk fails to notify the representative, it seems clear that the Legislature was attempting to do something more than establish a period that would prima facie constitute a reasonable time for the representative to act. In our opinion the presumption of rejection created by Section 308 is conclusive in so far as the claimant's right to institute suit and the legal consequences of failure to do so are concerned.

The statute formerly applicable to estates of decedents provided that "when a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same." Article 3522, Texas Rev. Civ. Stat. 1925. This was not regarded as a statute of limitation in the usual sense. Failure to institute suit within the prescribed period could be raised by general demurrer and was not excused by absence of the representative from the State. Cotton v. Jones, 37 Texas 34; Poole v. Rutherford, Texas Civ. App., 199 S.W. 2d 665 (wr. ref. n.r.e.) ; Jaye v. Wheat, Texas Civ. App., 130 S.W. 2d 1081 (no writ). The representative had no power to approve and revive a claim barred by the statute. Burks v. Bennett, 62 Tex. 277.

In some of the cases cited above, Article 3522 was likened to statutes providing for new trials, appeals and writs of error. It was said that compliance with its terms was a qualification upon the right to sue, and that the statute extinguished the right and did not merely bar the remedy. At the same time this Court stated that a suit not brought within ninety days after rejection of the claim was barred "unless some cause supervened to prevent the operation of that statute". Cotton v. Jones, supra. In another case decided at the same term, certain claims were presented to

an executor, who promised to allow and pay them. They were returned disallowed after being held by the representative until he believed the same to be barred by limitation. At one place in the opinion it was said that a suit brought within three months thereafter was in time. At another point the Court observed that while it was not passing on the conduct of T. W. House, facts making the case a fraud against him would take the case out of the statute of limitation. T. W. House was the plaintiff, and the latter statement evidently was intended to mean that fraud on the part of the executor would prevent the running of the statute. Kyle v. House, 38 Texas 155.

In enacting the Probate Code, the Legislature chose the wording of Article 4244, Texas Rev. Civ. Stat. 1925, applicable to guardianships, rather than the prohibitory language of Article 3522. Section 313 provides that when a claim or a part thereof has been rejected by the representative the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred. This statute is not materially different from Article 3522 in either purpose or effect. It is one of the regulations designed to bring about an early disposition of claims against estates. The presentation of a claim to the representative is the first step in the procedure established for obtaining a judgment which can be enforced in the probate proceedings, and as a general rule the creditor must comply with all statutory requirements.

Most jurisdictions hold that promises or conduct on the part of a personal representative will not suspend or prevent the bar of special nonclaim or administration statutes of limitation. In some states a more liberal rule obtains, but this is generally the result of statutory exceptions. See Annotations 11 A.L.R. 246, 66 A.L.R. 1415. We are not prepared to say at this time that Section 313 extinguishes the right for all purposes, or that there are no circumstances under which a creditor would be entitled to institute suit more than ninety days after rejection. It is unnecessary to decide either of those questions here, because we think that under the facts of this case petitioners as a matter of law were not entitled to rely upon a promise of the Administratrix, express or implied, to approve and pay their claim.

■ Petitioners knew that their claim had been filed with the clerk, and were charged with knowledge that the same would be deemed rejected by operation of law if no action was taken by the Administratrix within thirty days. They also should have known that the claim would be barred in the event suit was not

instituted within ninety days after such rejection. The statutes contemplate that a creditor will keep himself informed as to the status of his claim and take the steps required by law to reduce the same to judgment. Since the representative must now act within thirty days and is required to endorse a memorandum of allowance or rejection on the claim when he does act, the claimant will ordinarily have no difficulty in ascertaining that his claim has been rejected in time to protect his rights by instituting suit thereon. Petitioners could and should have done so by examining their claim on file in the clerk's office. They were never told that the claim had been allowed, and the assurances of the Administratrix or her attorney that it would be approved and paid afford no basis, legal or equitable, for suspending the operation of the ninety-day statute.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 28, 1962.