**Thomas E. CHILDRE, Appellant,**

v.

**Ruth W. CHILDRE, Individually and as Executrix of the Estate of G. Charles Childre, Deceased, Appellee.**

**No. 14599.**

Court of Civil Appeals of Texas.

San Antonio.

June 28, 1967.

Rehearing Denied July 26, 1967.

Forrest A. Bennett, San Antonio, for appellant.

Thompson, Coe, Cousins & Irons, Franklin H. Perry, Dallas, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing judgment based upon an instructed verdict granted defendant at the close of

plaintiff's case. Appellant brought this suit against appellee, individually and as executrix of the estate of G. Charles Childre, deceased, and asserted two counts as a basis for recovery. Appellee asserted that both counts were barred by limitations, the first being barred by Sec. 313, Tex. Prob.Code, V.A.T.S. (1956), and the second by Art. 5526, Vernon's Ann.Civ.St.

In his original and amended petitions appellant alleged that he had furnished various and sundry articles to deceased during his lifetime of the value of $3,528.28, as shown by an exhibit attached to said petitions. G. Charles Childre had paid $700.00 on this claim, leaving due and owing the sum of $2,828.28, for which judgment was sought, together with reasonable attorney's fees in the sum of $750.00. The exhibit sets forth various items of labor and materials used in construction and repair of a hunting camp at Junction, Texas; furniture bought and delivered to a Lake Travis site; repairs to a jeep; new tires for a trailer and the expense of moving the trailer from Junction to San Antonio and return.

G. Charles Childre died on July 20, 1963, and this claim was filed with the Clerk of the Probate Court of Bexar County on September 12, 1963. No action was taken on same by appellee executrix, and this suit was filed by appellant on October 19, 1964.

At the close of appellant's evidence, appellee made a motion for an instructed verdict on the first count, based on appellant's failure to file his suit within ninety days after appellee was presumed to have rejected the claim, under the provisions of Secs. 308, 310, Tex.Prob. Code Ann. At this time appellant's counsel stated: "We think that the second request of counsel should be denied. (Referring to the second count of appellant's amended petition). The first we will agree that the Probate Code prohibits the collections on the $2,828.28. It is odd that these figures came out that way, but they did, and I think that that part is good and we are not asking for any issues on that. We will ask for our issues on the others, your Honor." Whereupon the court instructed the jury to return a verdict for appellee.

Despite this waiver of issues on this count, appellant, by motion for new trial and on this appeal, asserts that this claim was not barred, since limitations do not run in case of an independent executrix. In support thereof he cites Ditto Investment Co. v. Ditto, Tex.Civ.App., 293 S.W. 2d 267, no writ. Although there is some doubt as to the application of the rule set forth in *Ditto,* since the amendment of Sec. 146 of the Probate Code in 1957,[1] it is seen that there is no showing that appellee was independent executrix of this estate. The order of appointment was not introduced into evidence. However, appellant asserted at the motion for new trial that the will which was there introduced expressed the intention that appellee act as independent executrix, and that in passing upon at least one claim appellee, by affidavit, stated that she was so acting.

We know of no authority that permits an administration to become "independent" by implication or by acts of the executor. Sec. 145, Tex.Prob.Code Ann., provides that the testator may provide in his will for such an administration. The provision in this will giving appellee the discretion to determine if a sale of stock was necessary falls short of providing for independent administration and,

[1] The possibility of such a change has been expressed. See Woodward, Some Developments in Independent Administration, 37 Tex.Law Rev. 828, 837; Winn, Non-Judicial Administration, S.L.J. 384, 393; Kitchens v. Culhane, Tex.Civ.App., 398 S.W.2d 165, writ ref'd n. r. e.; Hunter v. Cook, Tex.Civ.App., 375 S.W. 2d 574, writ dism'd; contra, State v. Traylor, 374 S.W.2d 203, 204, Tex.Sup. 1963; Gibraltar Mortg. & Loan Corp. v. Lerman, Tex.Civ.App., 346 S.W.2d 487, no writ.

in any event, appellee's power in this estate was contained in the order probating the will. Appellant's action in waiving issues on this count relieved appellee of any burden of presenting evidence on same.

The record shows that the claim set forth in the first count of appellant's petition was filed with the clerk on September 12, 1963, and was deemed to have been rejected by appellee thirty days thereafter. Secs. 308, 310, supra. Since appellant did not institute suit on this claim within ninety days after this rejection, the trial court properly held that this claim was barred by limitations. Sec. 313, supra; Russell v. Dobbs, 163 Tex. 282, 354 S.W.2d 373 (1962).

Appellant filed an amended petition on November 18, 1966. The first seven paragraphs are the same as his original petition and asserted his cause of action on the account. Following same, appellant alleged, in the alternative, that appellee came upon his property and took possession of a trailer belonging to him and refused to return it, to his damage in the sum of $2,000.00. Further, he alleged that she took possession of a jeep belonging to him, which was reasonably worth $1,000.00, and holds it in trust. He prays that if he is mistaken in his first count that he recover possession of his trailer and jeep or have judgment for their value.

The evidence established that appellant and his uncle, G. Charles Childre, entered into a written hunting lease in 1957, with Jack Hoggett who owned land near Junction. The lease provides that all camp houses, buildings and other improvements placed on said premises by lessees would become the property of lessor at the termination of the lease. An immobilized house trailer was attached to a building in 1958 for use as living quarters. In 1961, a tornado damaged the building as well as the trailer. Appellant testified that Hoggett gave him the trailer in consideration of appellant's repairing the building. Appellant bought tires for the trailer and moved it to San Antonio, where it remained in his possession until appellee picked it up in September, 1963.

The jeep belonged to Charles Childre, although appellant repaired it twice and spent over $600.00 on it. Appellant was prevented by the Dead Man's Statute, viz., Art. 3716, Vernon's Ann.Civ.St., from testifying how he came into possession of the jeep. He testified only that he had the jeep in his possession from 1961 until appellee took it early in 1964.

Thus it is seen that the acts of conversion for which damages were sought in appellant's second count occurred more than two years before the amended petition was filed and are therefore barred by the two-year statute of limitations, viz., Art. 5526, Vernon's Ann.Civ.St., unless limitation was tolled by the filing of appellant's original petition.

Art. 5539b, Vernon's Ann.Civ.St., provides substantially that whenever any pleading is filed by any party to a suit embracing any cause of action and at the time of filing such cause of action it is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence.

Thus, in determining whether appellant's second count is barred by limitation, it is necessary to determine whether or not this claim, set up in appellant's amended petition, is wholly based upon and grows out of a new, distinct or different transaction and occurrence than that asserted in his original petition. Leonard v. Texaco, Inc., 10 Tex.Sup.Ct. J.462 (June 17, 1967); Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816 (1950); City of Houston v. Magness, Tex.Civ.App., 364 S.W.2d 702, writ ref'd.

It is seen that the original petition asserted a cause of action based upon an account for labor and materials furnished deceased. The amended petition asserted, in addition thereto, a count seeking damages for conversion by the executrix of a trailer and jeep. This is a new, distinct and different transaction, even though a part of the account is based upon labor and materials used on the trailer and jeep which were allegedly converted by appellee. Although the prayer was in the alternative, the allegations would support a recovery by appellant on his account against the deceased and also from appellee for conversion of his property. Appellant's ownership of the trailer is allegedly based upon a contract with Hoggett. His ownership of the jeep was never established. The conversion was based on acts of appellee after the death of G. Charles Childre. The trial court did not err in holding this claim barred by the two-year statute of limitations.

The judgment of the trial court is affirmed.