**Anita Martice King PEARSON, Appellant,**

**v.**

**Grace BUNTING, Appellee.**

**No. 7752.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 30, 1967.

Rehearing Denied Dec. 11, 1967.

———◆———

Gene E. Steed, Perryton, for appellant.

Lemon, Close & Atkinson, R. D. Lemon, Perryton, of counsel, for appellee.

NORTHCUTT, Justice.

This is an action brought by the plaintiff, Grace Bunting, against defendant, Anita Martice King Pearson, to recover for services rendered by Grace Bunting in caring for Bertha Helen King, mother of Anita Pearson. Bertha Helen King, by her will, willed all of her estate to Anita Martice King Pearson. Under the will Anita Martice King Pearson was made independent executrix of her mother's estate. The will was duly probated and Anita Martice King Pearson qualified as independent executrix of her mother's estate. For convenience, the parties will hereafter be referred to as they were in the trial court.

The two claims upon which this law suit was founded were filed at a time when the defendant was qualified and acting as independent executrix of the estate of Bertha Helen King, Probate Cause No. 1023, in the County Court of Ochiltree County, Texas. The defendant did not endorse on, or annex to, either claim her allowance or rejection at any time. The first claim was presented in July 1964 and the last claim was presented in January 1965. This law suit was filed on July 19, 1965.

The defendant filed a motion for summary judgment contending that since she failed to endorse on, or annex to, such claim her allowance or rejection within thirty days after the claims were presented to her, that such claims were rejected; and since the plaintiff failed to file suit within ninety days thereafter, the claim was barred by limitation. The motion for summary judgment was overruled and the case was tried to a jury upon special issues. The jury found $1,000 was the reasonable value of the services rendered by Grace Bunting for Bertha King and for $200 attorney's fees. The defendant filed her motion for judgment non obstante veredicto. The court overruled the motion and granted judgment for the plaintiff for $1,200, plus interest thereon at six per cent from and after October 18, 1966. Defendant filed her motion for new trial contending, as she did in her motion for summary judgment and her motion for judgment non obstante veredicto, that she failed to endorse on, or annex to, either of such claims her allowance or rejection within thirty days after the claims were presented to her; that the claims became rejected and as a matter of law under the provisions of Section 310, Texas Probate Code, V.A.T.S., and since plaintiff did not institute suit upon either of the rejected claims within ninety days after their rejection be-

came final, as a matter of law by virtue of Section 313, Texas Probate Code, the claims were barred by the limitations. The motion for new trial was overruled and defendant perfected this appeal.

By defendant's first point of error it is contended the court erred in failing to apply the ninety-day state of limitation rule provided by Section 313 of Texas Probate Code to claims actually presented to the independent executrix for services rendered to the decedent during her lifetime. It was plaintiff's contention the ninety-day statute of limitation prescribed by Section 313 of the Texas Probate Code was not applicable in an independent administration.

In defining the use of terms used in the Probate Code Section 3(aa) provides: " 'Personal representative' or 'Representative' includes executor, independent executor, administrator, temporary administrator, guardian, and temporary guardian, together with their successors." Section 310 of the Probate Code provides in part that: "The failure of a representative of an estate to endorse on, or annex to, a claim presented to him, his allowance or rejection thereof within thirty days after the claim was presented, shall constitute a rejection of the claim." Section 313 of the Probate Code provides in part that: "When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred."

The language of the Probate Code setting forth that rule is positive and imperative. The terms of the Code are mandatory and admit of no exceptions. Tex.Jur.2d, Sec. 639, p. 498. Since Mrs. Pearson, Independent Executrix, failed to endorse on, or annex to, the claim presented to her by the plaintiff her allowance or rejection of the claim within thirty days after the claim was presented, such failure constituted a rejection of the claim. The plaintiff had ninety days after the rejection of her claim in which to file suit.

Section 313, Texas Probate Code. She did not file suit until more than one-hundred and fifty days after the rejection and upon independent executrix' plea the claim was then barred by limitation. Stamps v. Varelas, 313 S.W.2d 141 (Tex.Civ.App.–San Antonio, 1958, no writ). In Dobbs v. Russell, 347 S.W.2d 796 (Tex.Civ.App.–Fort Worth, 1961, affirmed Russell v. Dobbs, 163 Tex. 282, 354 S.W.2d 373, 1962) it is stated:

"We have reached the conclusion that proper construction of the pertinent provisions of the Probate Code, particularly Sections 309 'Memorandum of Allowance or Rejection of Claim', 310 'Failure to Endorse or Annex Memorandum', and 313 'Suit on Rejected Claim', compels a holding that the claim of appellees in the instant case was foreclosed after the expiration of the ninety-day period immediately following the date on which it was rejected by operation of law under the provisions of Section 310,—and that it was not merely the remedy which was foreclosed, but the debt itself stood discharged. In other words, if there was doubt as to whether the law in its former state barred the debt as well as the remedy, the Legislature removed the doubt and provided that in the absence of institution of suit (somewhat in the nature of taking an appeal) the debt should be barred as well as the remedy upon the expiration of ninety days from the date an effective claim therefor was rejected. In such respect the discussion of Judge Stayton in Goldfrank, Frank & Co. v. Young, supra [64 Tex. 432], proved beneficial.

"Furthermore, since the debt itself became absolutely barred upon the expiration of ninety days after claim therefor was filed equity would not be available to be invoked in appellees' behalf to toll the provisions as to time and thus permit them a remedy. It would only be in those cases where the cause of action itself would persist that equity could extend its hand upon proper justification

and make available a remedy otherwise foreclosed at law, and this is not such a case."

Judgment below is reversed and judgment rendered that appellee take nothing by her suit.