

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 19, 1970

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M-557

Re: Effect of late approval of
    claims under Sections
    308-310 of the Texas Pro-
    bate Code.

You have presented the following question relating to the interpretation of Sections 308-310 of the Texas Probate Code:

"Does the Probate Court have the power to approve a claim allowed by the personal representative of an estate after the statutory thirty (30) day limitation specified in Sec. 308 of the Probate Code?"

The sections of the Texas Probate Code applicable to this question are as follows:

"§308. Depositing Claims With Clerk

"Claims may also be presented by depositing same, with vouchers and necessary exhibits and affidavit attached, with the clerk, who, upon receiving same, shall advise the representative of the estate, or his attorney by letter mailed to his last known address, of the deposit of same. Should the representative fail to act on said claim within thirty days after it is filed, then it shall be presumed to be rejected. Failure of the clerk to give notice as required herein shall not affect the validity of the presentment or the presumption of rejection because not acted upon within said thirty day period. Acts 1955, 54th Leg. p. 88 ch. 55. (Emphasis added.)

"§309. Memorandum of Allowance or Rejection of Claim.

"When a <u>duly authenticated claim</u> against an estate is <u>presented</u> to the representative <u>or filed</u> with the clerk as heretofore provided, he <u>shall</u>, <u>within thirty days after the claim is presented</u> <u>or filed, endorse thereon, or annex thereto, a</u> <u>memorandum signed by him, stating the time of</u> <u>presentation or filing of the claim, and that he</u> <u>allows or rejects it, or what portion thereof he</u> <u>allows or rejects.</u> Acts 1955, 54th Leg., p. 88 ch. 55. (Emphasis added.)

"§310. Failure to Endorse or Annex Memorandum

"<u>The failure of a representative of an estate</u> <u>to endorse on, or annex to, a claim presented to</u> <u>him, his allowance or rejection thereof within thirty</u> <u>days after the claim was presented, shall constitute</u> <u>a rejection of the claim.</u> <u>If the claim is thereafter</u> <u>established by suit, the costs shall be taxed against</u> <u>the representative, individually, or he may be removed</u> <u>on the written complaint of any person interested in</u> <u>the claim, after personal service of citation, hearing</u> <u>and proof, as in other cases of removal.</u> Acts 1955, 54th Leg., p. 88 ch. 55. (Emphasis added.)

The interpretative commentary of Section 309 of the Probate Code states the purpose of this section and Section 310, to-wit:

"The former statutes required allowance or rejection of claims by personal representatives, but they did not prescribe any period of time within which such action should be had. To combat the problem of lethargic or procrastinating representatives, this Section requires action within 30 days after presentment of the claim, and Section 310 provides that any claim not acted on within such period shall be deemed rejected."

The use of the word "shall" is ordinarily mandatory. <u>Moyer v. Kelley</u>, 93 S.W.2d 502 (Tex.Civ.App. 1936, error dism.);

53 Tex.Jur.2d 30, Statutes, Sec. 16.

In 18 Tex.Jur.2d 446, Decedents' Estates, Section 559, the following is stated in discussing Allowance, Rejection, and Contests of Claims, to-wit:

"Generally the only mode of establishing a money demand against an estate and of enforcing its payment is provided by the Probate laws, since these laws evidence a design to afford a system of rules for the settlement of the estates of deceased persons complete in itself, and to comprise the only rules that should govern their settlement."

The question here involved was considered by the Supreme Court of Texas in Russell v. Dobbs, 163 Tex. 282, 354 S.W.2d 373 (1962). In this case the claim was never formally allowed or rejected by the administratrix. In discussing the matter the Court stated the following:

"The representative is now required to endorse his allowance or rejection on the claim within thirty days after it is presented to him or filed with the clerk. Section 309. His failure to act within the prescribed period on a claim presented to him constitutes a rejection of the claim, and subjects the representative to liability for court costs and to removal from office if the claim is thereafter established by suit. Section 310. In view of these provisions, we are satisfied that the Legislature did not intend to create merely a rebuttable presumption of rejection when the representative fails to act within thirty days on a claim deposited with the clerk. (354 S.W.2d 375.)

"Section 308 was enacted primarily for the benefit of creditors. It provides a method of presenting claims when the representative cannot be located, and also fixes a definite time at which the claimant becomes entitled to institute suit in the event his claim is not allowed. The purpose of the statute would be defeated if an action instituted by the creditor after expiration of the thirty-day period could be abated upon a showing

by the representative that the claim had not been rejected in fact. Since the claim is presumed to be rejected even though the clerk fails to notify the representative, it seems clear that the Legislature was attempting to do something more than establish a period that would prima facie constitute a reasonable time for the representative to act. In our opinion the presumption of rejection created by Section 308 is conclusive in so far as the claimant's right to institute suit and the legal consequences of failure to do so are concerned. (354 S.W.2d 375)

"Petitioners knew that their claim had been filed with the clerk, and were charged with knowledge that the same would be deemed rejected by operation of law if no action was taken by the Administratrix within thirty days." (354 S.W.2d 376)

Also see Childre v. Childre, 417 S.W.2d 464 (Tex.Civ. App. 1967, no writ) for the proposition that a claim was deemed rejected by operation of law thirty days after it was filed.

In 18 Tex.Jur.2d 500, Decedents' Estates, Section 641, the following textual statement is made:

"Since, where a claim for money has been presented, and the executor or administrator fails to endorse or annex the memorandum of his action within thirty days after presentation as required by statute, such failure operates as a rejection, inaction on the part of the representative for the time specified in this provision sets in motion the statute requiring suit on a rejected claim to be commenced within ninety days after rejection."

It is also provided, in 18 Tex.Jur.2d 478, Decedents' Estates, Section 603, as follows:

"The county judge, sitting in Probate, has no authority to hear a claim that has been rejected by a representative. His authority is limited to passing on claims that have been allowed by the representative."

The question under consideration is analogous to the one involved in Chantre v. National Maritime Union P&W Plan, 425 S.W.2d 659 (Tex.Civ.App. 1968, no writ), wherein the Court held that after the judgment had become final the trial court did not have the authority to preserve a party's right to appeal by withdrawing the order granting summary judgment after the ten day period within which notice of appeal should be given and re-entering the same order as of a later date.

A claim is deemed rejected by operation of law after it has been on file for thirty days and thereafter the Probate Court has no authority to approve such claim.

## S U M M A R Y

The Probate Court has no power to approve claims filed under Section 308 of the Texas Probate Code where such claims have been rejected by operation of law under Section 310 of the Texas Probate Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman

John Banks
Fisher Tyler
James Quick
Phil Warner

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant