**GREEN MACHINERY COMPANY, Inc., Appellant,**

v.

**Mary Charlotte SMITHEE, Administratrix of the Estate of W. A. Smithee, Appellee.**

**No. 8149.**

Court of Civil Appeals of Texas, Amarillo.

July 12, 1971.

**280**

Morehead, Sharp, Tisdel & Gibbins, John F. Morehead, Plainview, for appellant.

Robert E. Montgomery, Memphis, for appellee.

JOY, Justice.

This action involves a suit upon an open account brought against the estate of the deceased W. A. Smithee by Green Machinery Company, Inc. Summary judgment was granted against plaintiff below and hence this appeal.

Affirmed.

Appellant in its petition alleged it had sold goods and services to the deceased in August and September of 1967. Upon the death of W. A. Smithee, the widow qualified as temporary administratrix of the estate on March 20, 1968. On May 27, 1968, appellant mailed its claim to appellee's attorney. On May 28, the claim was presented to the appellee administratrix, who refused to take any action thereon. The affidavit accompanying appellee's motion for summary judgment in the trial court stated the claim was filed May 28, 1968 and the date was not controverted. Appellant filed suit against the appellee administratrix on September 16, 1969.

A claim against an estate is deemed to have been rejected by the representative of the estate 30 days from the date of the filing thereof. Section 310, Texas Probate Code, V.A.T.C.S.; (all sections hereinafter are Texas Probate Code); Childre v. Childre, 417 S.W.2d 464 (Tex. Civ.App.—San Antonio 1967, no writ history). Whether the claim is rejected by the representative as provided in Section 309, or by operation of law as provided by Section 310, is immaterial. The claim stands rejected in either event and Section 313 requires that suit be brought within 90 days thereafter or the "claim shall be barred." The appellant here had 90 days from June 27, 1968, within which to bring its suit. Having brought its suit on September 16, 1969, some 15 months after the expiration of the 30 days, its suit was barred. Stamps v. Varelas, 313 S.W.2d 141 (Tex.Civ.App.—San Antonio 1958, no writ history); Russell v. Dobbs, 163 Tex. 282, 354 S.W.2d 373 (1962).

The judgment of the trial court is affirmed.

REYNOLDS, J., not sitting.