Brazos Investments v. Beard Estate 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-224-CV

     BRAZOS INVESTMENTS, INC.,
                                                                                              Appellant
     v.

     ESTATE OF ERNEST DOUGLAS BEARD, JR.,
                                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 32853
                                                                                                    

O P I N I O N
                                                                                                    

      In this appeal, we determine that section 313 of the Probate Code, which requires a creditor
to file suit on a rejected claim within ninety days after rejection, does not deny due process to a
creditor who received notice of the existence of the estate and whose claim was later barred.
FACTS
      Ernest Beard died on May 13, 1992, leaving a 1981 will naming Linda Flowers as an alternate
independent executrix. She filed an application to probate the will but declined to serve in that
capacity. Because the estate was hopelessly insolvent, Flowers wanted the protection that a
dependent administration offers the personal representative. The court honored her request and,
on October 30, 1992, appointed her as the dependent executrix. Flowers filed the required
inventory, appraisement, and list of claims, listing a house and lot at 1300 East Elm Street in
Hillsboro as the only real property and the major asset owned by the estate.
      Because the real estate was nonproductive, Flowers applied for approval to sell the property
and to pay the expenses of the sale. The court approved the application to sell on December 1,
1992. Flowers filed a Report of Sale anticipating net proceeds of $32,311.29, after allowing for
payment of the direct expenses of sale and other court-approved expenses related to the sale. The
sale was confirmed on August 16, 1993.
      Colonial Trust Company (Colonial) filed a claim for an amount in excess of $23,000 based
on a judgment dated December 9, 1991, which had been abstracted in Hill County on December
11, 1991. See Tex. Prob. Code Ann. § 308 (Vernon 1980). The claim was allowed by Flowers
and approved by the court on December 22, 1992. 
      Citizens National Bank of Hillsboro (Citizens) filed a claim for an amount in excess of
$88,000 based on a judgment dated November 20, 1991, which had been abstracted in Hill County
on January 7, 1992. See id. The claim was allowed by Flowers and approved by the court on
March 29, 1993.
      Brazos Investments, Inc. (Brazos) filed a claim on April 30, 1993, for over $118,000 based
on a judgment dated March 16, 1987, which had been abstracted in Hill County on April 16,
1987. See id. The claim was never acted on by Flowers; thus, it was rejected by operation of
law. See id. §§ 308, 309, 310 (Vernon 1980). Brazos did not file suit to enforce its claim within
the ninety days allowed after its claim was rejected. See id. § 313 (Vernon 1980). Nevertheless,
Brazos applied to the court to have the net proceeds of the sale of the house and lot paid to it as
the senior lienholder. Colonial and Citizens objected, asserting that all of the abstracted judgment
liens attached at the same time, i.e., at Beard's death, because the property was Beard's
homestead. The probate court ordered that the net proceeds of the sale be deposited into the
registry and that the dispute among the lienholders be transferred to the district court for
determination of the related issues. See id. § 5 (Vernon Supp. 1995).
      Colonial and Citizens asserted that Brazos' claim was barred by section 313 because it failed
to comply with the time requirements of the Probate Code with respect to claims. See id. § 313. 
Brazos claimed that it had never been notified that the estate was being administered by a
dependent representative rather than an independent one. Having received no notice of the status
of the administration or that its claim had been rejected, Brazos argues that the loss of its claim
resulted from a denial of due process under the U.S. Constitution and due course of law under the
Texas Constitution. See U.S. Const. amend. XIV; Texas Const. art. I, § 19.
      The district court, finding no "due process" violation, determined that Brazos' claim was
barred from collection and awarded the net proceeds to Colonial and Citizens proportionately. 
Brazos reasserted its position in a motion for new trial and filed this appeal after the motion was
overruled.
      In a single point of error, Brazos urges that the court erred in holding that its claim was
barred. Citing Mullane v. Central Hanover Bank and Trust Co., it argues that the U.S.
Constitution requires "notice reasonably calculated under all circumstances, to apprise interested
parties of the pendency of the action and afford them an opportunity to present their objections." 
See Mullane v. Central Hanover Bank & Trust Co, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94
L.Ed. 865 (1950) (notice by publication authorized by New York's common trust fund statute held
inadequate as to beneficiaries whose addresses were known). Further, it says that this court has
adopted the Mullane standard in City of Waco v. Roddey, 613 S.W.2d 360, 365 (Tex. Civ.
App.—Waco 1981, writ dism'd) (published notice insufficient when city knew or could have
readily obtained address of owner of building to be demolished). Finally, it says that this due-process standard was applied to probate proceedings in Tulsa Professional Collection Services,
Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (actual notice of probate
proceedings required to known or reasonably ascertainable creditors). In these three cases, Brazos
finds a requirement that a known creditor be notified of the dependent nature of the administration
by mail or other means to achieve actual notice.
      Colonial and Citizens argue that this issue was decided by the Texas Supreme Court in Russell
v. Dobbs, 163 Tex. 282, 354 S.W.2d 373 (1962). There, the court rejected a claimant's
complaints about losing his claim because it was never approved or rejected by the administratrix
of the estate. The court said: "The statutes contemplate that a creditor will keep himself informed
as to the status of his claim and take the steps required by law to reduce the same to judgment." 
Id. at 376. 
      Brazos' position is undermined by the fact that it received actual notice that administration of
the estate had begun. See Tex. Prob. Code Ann. § 295 (Vernon Supp. 1995). Section 295 does
not require that the notice inform the recipient about the type of administration that has been
granted. Id. Thus, Brazos' complaint is that the notice it admittedly did receive failed to inform
it that the administration was dependent rather than independent. Because it received notice,
Russell determines that Brazos was charged with the duty to protect its claim under the Probate
Code. See Russell, 354 S.W.2d at 376. We believe Russell can be properly construed to require
a creditor to take notice of the only fact that Brazos claims not to have known—that the
administration was dependent. See id. That information was readily available in the order
appointing the personal representative and admitting the will to probate. We hold that the
procedure established by the Probate Code did not operate to deny Brazos due process of law. See
U.S. Const. amend. XIV.
      Because Brazos did not brief its due-course-of-law claim separately from its claim under the
U.S. Constitution and did not cite any Texas authorities in support of that claim, we will not
address it.
      The judgment of the district court is affirmed. 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 26, 1995
Do not publish