

NUMBER 13-08-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| OXFORD, OXFORD & GONZALEZ, A GENERAL PARTNERSHIP, AND RICARDO GONZALEZ ON BEHALF OF OXFORD, OXFORD & GONZALEZ, | **Appellants,** |

**v.**

| | |
|---|---|
| ADAM S. DANIEC D/B/A A & W PROPERTIES, | **Appellee.** |

**On appeal from the Probate Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Garza**

This is an appeal from a summary judgment granted in a probate proceeding. Appellants, Oxford, Oxford & Gonzalez, a general partnership, and Ricardo Gonzalez on behalf of Oxford, Oxford & Gonzalez (collectively referred to as "OO&G"), contend by one issue that the trial court erred in granting summary judgment in favor of appellee, Adam S. Daniec d/b/a A & W Properties (collectively referred to as "Daniec"), because Daniec allegedly failed to bring suit within ninety days of the partial disallowance of his claim against the estate by the estate representative. *See* TEX. PROB. CODE ANN. § 313 (Vernon 2003). We affirm.

## I. BACKGROUND

OO&G, a law firm, entered into an agreement with Daniec in 1994 to lease office space owned by Daniec in McAllen, Texas. The lease agreement was executed by Brinkley Oxford, a member of the firm. The firm abandoned the office space in November of 1998. On October 18, 2001, Daniec sued OO&G, as well as partners Ricardo Gonzalez and Brinkley Oxford, in the County Court at Law Number One of Hidalgo County, Texas, claiming that Daniec suffered actual damages of $10,911.11 as a result of OO&G's alleged breach of the lease agreement. According to Daniec, the firm and its partners were liable for this amount, as well as interest on the damages amount and attorney's fees.

Brinkley Oxford died on July 26, 2004. On November 24, 2004, Sylvia Oxford, as administratrix of Brinkley Oxford's estate, moved the county court to transfer Daniec's suit to the statutory probate court of Hidalgo County. The county court granted the motion on February 7, 2005, and transferred Daniec's entire action against all defendants to the statutory probate court. *See id.* § 5B (Vernon Supp. 2009) (providing that a judge of a statutory probate court may transfer any cause of action "appertaining to or incident to" the estate to the probate court).

Subsequently, on February 23, 2005, Daniec filed a notice of claim against the estate, making substantially the same allegations contained in his lawsuit. *See id.* § 298 (Vernon 2003); *see also id.* § 307 (Vernon 2003) ("If the instrument evidencing or supporting a claim [against an estate] provides for attorney's fees, then the claimant may include as a part of the claim the portion of such fee that he has paid or contracted to pay to an attorney to prepare, present, and collect such claim."). Sylvia Oxford, again acting as administratrix of the estate, partially allowed and partially disallowed Daniec's claim against the estate on April 8, 2005. The amount allowed was $10,911.11, representing the actual damages claimed by Daniec; however, the amounts claimed by Daniec representing interest on the damages amount and attorney's fees were apparently rejected.

Several months later, on November 29, 2005, Daniec filed a motion for summary judgment with the trial court contending that he had established his breach of contract

2

claim as a matter of law and demanding the full amount requested in his petition, including interest and attorney's fees. Daniec's motion was accompanied by affidavits executed by Daniec, setting forth the elements of breach, and by Daniec's trial attorney as to reasonable attorney's fees. OO&G filed a response to Daniec's motion on January 18, 2006, arguing that: (1) OO&G became "non-existent" upon Brinkley Oxford's death; (2) neither Brinkley Oxford nor Gonzalez were sued in their individual capacities or named as partners of OO&G in Daniec's original suit; (3) neither Gonzalez nor the estate of Brinkley Oxford were "sued or served in this cause"; and (4) "[a]ny attempt at this late date to sue and serve" Gonzalez or the estate of Brinkley Oxford "would be subject to a Statute of Limitations defense as this action has been pending since October 18, 2000." OO&G's response additionally claimed that Daniec's "alleged damages could have been substantially lessened had [Daniec] mitigated his damage a[s] required by law" and that the attorney's fees claimed by Daniec are "excessive, unreasonable, and unjust."

On February 15, 2007, the probate court rendered a written order granting the summary judgment motion and assessing damages jointly and severally against OO&G, the estate of Brinkley L. Oxford, and Sylvia Oxford as administratrix of the estate. The order awarded Daniec $10,911.11 in damages, $4,742.67 in pre-judgment interest on the damages award, $41,895.11 in attorney's fees and expenses,[1] and post-judgment interest on the entire amount awarded. This appeal followed.

## II. Discussion

Appellants argue on appeal that the probate court's summary judgment was erroneous because Daniec did not bring suit on his partially rejected claim within ninety days of the partial rejection of the claim. Section 313 of the Texas Probate Code provides in part that "[w]hen a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon in the court of original probate jurisdiction in which the estate is pending within ninety days after such rejection, or the claim shall be barred." *Id.*

_____

[1] The judgment also awarded $8,000 in attorney's fees upon an unsuccessful appeal to this Court and an additional $7,500 in attorney's fees upon an unsuccessful appeal to the Texas Supreme Court.

§ 313; *see Russell v. Dobbs*, 163 Tex. 282, 286, 354 S.W.2d 373, 376 (1962) (holding that claimant's debt was "extinguished" because claimant failed to bring suit within ninety days of rejection of claim by operation of law); *In re Estate of Ayala*, 19 S.W.3d 477, 479 (Tex. App.–Corpus Christi 2000, pet. denied) (noting that section 313 "provides only an 'end' date—ninety days after rejection" and "has no provision barring a claim filed prematurely").

In response, Daniec contends that: (1) appellants waived the issue of compliance with section 313 because they did not raise it in their response to Daniec's motion for summary judgment; (2) even if the issue was preserved, the probate code is not applicable to Daniec's suit against OO&G because OO&G is not an estate or an heir[2]; and (3) even if the probate code is applicable, Daniec did not violate section 313 because he filed suit against OO&G years *prior* to filing a claim against the estate.

Without addressing whether the probate code applies to Daniec's suit against OO&G or whether Daniec complied with section 313, we conclude that appellants have failed to preserve their issue for review. With respect to a motion for summary judgment and a response thereto, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). Here, OO&G did not raise the issue of compliance with section 313 in its response to Daniec's motion for summary judgment or in any other written pleading before the trial court. Accordingly, even if we were to determine that the issue has merit, we may not consider it as grounds for reversal. *See* TEX. R. CIV. P. 166a(c); *Day Cruises Mar., L.L.C. v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 58 n.16 (Tex. App.–Corpus Christi 2008, pet. denied) (holding that "[a]ny issue which the non-movant claims would justify denying summary judgment must be included in its

---

[2] As noted, the judgment on appeal assessed damages jointly and severally against (1) OO&G, (2) the estate of Brinkley Oxford, and (3) Sylvia Oxford as administratrix of the estate. There appears to be no dispute that section 313 of the probate code does indeed apply to Daniec's claims against the estate and its representative. *See* TEX. PROB. CODE ANN. § 313 (Vernon 2003). Nevertheless, neither the estate nor Sylvia Oxford as administratrix of the estate are parties to this appeal. Accordingly, we do not consider the propriety of the summary judgment as it relates to those defendants. *See* TEX. R. APP. P. 47.1.

response" to the motion for summary judgment) (quoting *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 765 (Tex. App.–Corpus Christi 2006, no pet.)); *see also* TEX. R. APP. P. 33.1(a)(1).

Appellants' issue is overruled.

### III. MOTION FOR SANCTIONS

Daniec has filed a motion for sanctions pursuant to rule 45 of the Texas Rules of Appellate Procedure, in which he contends that the instant appeal is frivolous. *See* TEX. R. APP. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). Daniec urges specifically that we conclude that "the Appellant had no legal basis or reasonable expectation of the creation of a legal basis to contest the judgment."

Although appellants were unsuccessful in their appeal, we conclude, after reviewing the record and the briefs on file, that the appeal was not frivolous. Accordingly, we deny Daniec's motion for sanctions.

### IV. CONCLUSION

The judgment of the trial court is affirmed.

---

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
28th day of January, 2010.

5