NUMBER 13-08-00426-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OXFORD, OXFORD & GONZALEZ, 

A GENERAL PARTNERSHIP, AND 

RICARDO GONZALEZ ON BEHALF 

OF OXFORD, OXFORD & GONZALEZ, Appellants,


v.


ADAM S. DANIEC D/B/A A & W PROPERTIES, Appellee.

 




On appeal from the Probate Court 
of Hidalgo County, Texas.

 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza



 This is an appeal from a summary judgment granted in a probate proceeding. 
Appellants, Oxford, Oxford & Gonzalez, a general partnership, and Ricardo Gonzalez on
behalf of Oxford, Oxford & Gonzalez (collectively referred to as "OO&G"), contend by one
issue that the trial court erred in granting summary judgment in favor of appellee, Adam
S. Daniec d/b/a A & W Properties (collectively referred to as "Daniec"), because Daniec
allegedly failed to bring suit within ninety days of the partial disallowance of his claim
against the estate by the estate representative. See Tex. Prob. Code Ann. § 313 (Vernon
2003). We affirm.

I. Background

 OO&G, a law firm, entered into an agreement with Daniec in 1994 to lease office
space owned by Daniec in McAllen, Texas. The lease agreement was executed by
Brinkley Oxford, a member of the firm. The firm abandoned the office space in November
of 1998. On October 18, 2001, Daniec sued OO&G, as well as partners Ricardo Gonzalez
and Brinkley Oxford, in the County Court at Law Number One of Hidalgo County, Texas,
claiming that Daniec suffered actual damages of $10,911.11 as a result of OO&G's alleged
breach of the lease agreement. According to Daniec, the firm and its partners were liable
for this amount, as well as interest on the damages amount and attorney's fees.

 Brinkley Oxford died on July 26, 2004. On November 24, 2004, Sylvia Oxford, as
administratrix of Brinkley Oxford's estate, moved the county court to transfer Daniec's suit
to the statutory probate court of Hidalgo County. The county court granted the motion on
February 7, 2005, and transferred Daniec's entire action against all defendants to the
statutory probate court. See id. § 5B (Vernon Supp. 2009) (providing that a judge of a
statutory probate court may transfer any cause of action "appertaining to or incident to" the
estate to the probate court).

 Subsequently, on February 23, 2005, Daniec filed a notice of claim against the
estate, making substantially the same allegations contained in his lawsuit. See id. § 298
(Vernon 2003); see also id. § 307 (Vernon 2003) ("If the instrument evidencing or
supporting a claim [against an estate] provides for attorney's fees, then the claimant may
include as a part of the claim the portion of such fee that he has paid or contracted to pay
to an attorney to prepare, present, and collect such claim."). Sylvia Oxford, again acting
as administratrix of the estate, partially allowed and partially disallowed Daniec's claim
against the estate on April 8, 2005. The amount allowed was $10,911.11, representing the
actual damages claimed by Daniec; however, the amounts claimed by Daniec representing
interest on the damages amount and attorney's fees were apparently rejected.

 Several months later, on November 29, 2005, Daniec filed a motion for summary
judgment with the trial court contending that he had established his breach of contract
claim as a matter of law and demanding the full amount requested in his petition, including
interest and attorney's fees. Daniec's motion was accompanied by affidavits executed by
Daniec, setting forth the elements of breach, and by Daniec's trial attorney as to
reasonable attorney's fees. OO&G filed a response to Daniec's motion on January 18,
2006, arguing that: (1) OO&G became "non-existent" upon Brinkley Oxford's death; (2)
neither Brinkley Oxford nor Gonzalez were sued in their individual capacities or named as
partners of OO&G in Daniec's original suit; (3) neither Gonzalez nor the estate of Brinkley
Oxford were "sued or served in this cause"; and (4) "[a]ny attempt at this late date to sue
and serve" Gonzalez or the estate of Brinkley Oxford "would be subject to a Statute of
Limitations defense as this action has been pending since October 18, 2000." OO&G's
response additionally claimed that Daniec's "alleged damages could have been
substantially lessened had [Daniec] mitigated his damage a[s] required by law" and that
the attorney's fees claimed by Daniec are "excessive, unreasonable, and unjust."

 On February 15, 2007, the probate court rendered a written order granting the
summary judgment motion and assessing damages jointly and severally against OO&G,
the estate of Brinkley L. Oxford, and Sylvia Oxford as administratrix of the estate. The
order awarded Daniec $10,911.11 in damages, $4,742.67 in pre-judgment interest on the
damages award, $41,895.11 in attorney's fees and expenses, (1) and post-judgment interest
on the entire amount awarded. This appeal followed.

II. Discussion

 Appellants argue on appeal that the probate court's summary judgment was
erroneous because Daniec did not bring suit on his partially rejected claim within ninety
days of the partial rejection of the claim. Section 313 of the Texas Probate Code provides
in part that "[w]hen a claim or a part thereof has been rejected by the representative, the
claimant shall institute suit thereon in the court of original probate jurisdiction in which the
estate is pending within ninety days after such rejection, or the claim shall be barred." Id.
§ 313; see Russell v. Dobbs, 163 Tex. 282, 286, 354 S.W.2d 373, 376 (1962) (holding that
claimant's debt was "extinguished" because claimant failed to bring suit within ninety days
of rejection of claim by operation of law); In re Estate of Ayala, 19 S.W.3d 477, 479 (Tex.
App.-Corpus Christi 2000, pet. denied) (noting that section 313 "provides only an 'end'
date--ninety days after rejection" and "has no provision barring a claim filed prematurely").

 In response, Daniec contends that: (1) appellants waived the issue of compliance
with section 313 because they did not raise it in their response to Daniec's motion for
summary judgment; (2) even if the issue was preserved, the probate code is not applicable
to Daniec's suit against OO&G because OO&G is not an estate or an heir (2); and (3) even
if the probate code is applicable, Daniec did not violate section 313 because he filed suit
against OO&G years prior to filing a claim against the estate.

 Without addressing whether the probate code applies to Daniec's suit against
OO&G or whether Daniec complied with section 313, we conclude that appellants have
failed to preserve their issue for review. With respect to a motion for summary judgment
and a response thereto, "[i]ssues not expressly presented to the trial court by written
motion, answer or other response shall not be considered on appeal as grounds for
reversal." Tex. R. Civ. P. 166a(c); see City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 677 (Tex. 1979). Here, OO&G did not raise the issue of compliance with
section 313 in its response to Daniec's motion for summary judgment or in any other
written pleading before the trial court. Accordingly, even if we were to determine that the
issue has merit, we may not consider it as grounds for reversal. See Tex. R. Civ. P.
166a(c); Day Cruises Mar., L.L.C. v. Christus Spohn Health Sys., 267 S.W.3d 42, 58 n.16
(Tex. App.-Corpus Christi 2008, pet. denied) (holding that "[a]ny issue which the
non-movant claims would justify denying summary judgment must be included in its
response" to the motion for summary judgment) (quoting Garrod Invs., Inc. v. Schlegel, 139
S.W.3d 759, 765 (Tex. App.-Corpus Christi 2006, no pet.)); see also Tex. R. App. P.
33.1(a)(1).

 Appellants' issue is overruled.

III. Motion for Sanctions

 Daniec has filed a motion for sanctions pursuant to rule 45 of the Texas Rules of
Appellate Procedure, in which he contends that the instant appeal is frivolous. See Tex.
R. App. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may--on
motion of any party or on its own initiative, after notice and a reasonable opportunity for
response--award each prevailing party just damages."). Daniec urges specifically that we
conclude that "the Appellant had no legal basis or reasonable expectation of the creation
of a legal basis to contest the judgment."

 Although appellants were unsuccessful in their appeal, we conclude, after reviewing
the record and the briefs on file, that the appeal was not frivolous. Accordingly, we deny
Daniec's motion for sanctions.

IV. Conclusion

 The judgment of the trial court is affirmed.



 

 DORI CONTRERAS GARZA,

 Justice


Delivered and filed the

28th day of January, 2010.
1. The judgment also awarded $8,000 in attorney's fees upon an unsuccessful appeal to this Court and
an additional $7,500 in attorney's fees upon an unsuccessful appeal to the Texas Supreme Court.
2. As noted, the judgment on appeal assessed damages jointly and severally against (1) OO&G, (2)
the estate of Brinkley Oxford, and (3) Sylvia Oxford as administratrix of the estate. There appears to be no
dispute that section 313 of the probate code does indeed apply to Daniec's claims against the estate and its
representative. See Tex. Prob. Code Ann. § 313 (Vernon 2003). Nevertheless, neither the estate nor Sylvia
Oxford as administratrix of the estate are parties to this appeal. Accordingly, we do not consider the propriety
of the summary judgment as it relates to those defendants. See Tex. R. App. P. 47.1.