In the **ESTATE OF Sergio E. Martinez AYALA, Deceased.**

No. 13–98–506–CV.

Court of Appeals of Texas, Corpus Christi.

March 31, 2000.

Rehearing Overruled July 6, 2000.

Before Justices DORSEY, CHAVEZ and RODRIGUEZ.

**OPINION**

Opinion by Justice CHAVEZ.

This is an appeal from the county court's denial of a creditor's request for sale of property securing a debt of Sergio E. Martinez Ayala, deceased. We hold that the creditor complied with all procedural requirements for asserting its claim, reverse the judgment of the trial court, and remand for further proceedings.

Sergio Martinez and his wife borrowed money from International Bank of Commerce (IBC) to buy a condominium. Payments were made for several years, but then stopped, and IBC subsequently learned that Mr. Martinez had died. On December 18, 1997 IBC filed a claim and a "motion to require sale of property" with the clerk of the court handling the dependent administration of Martinez's estate. The personal representative never expressly allowed or rejected this claim. Nevertheless, the trial court signed an order on January 27, 1998 "granting secured creditor's motion to require sale of property" which erroneously recited that "the claim has been duly allowed." On April 9, 1998 the trial court set aside this order. On June 5, 1998, IBC filed an "amended motion to require sale," which also contained the erroneous statement that the claim had been allowed. On July 2, 1998 the trial court signed the order "denying and dismissing International Bank of Commerce's Amended Motion to Require Sale of Property" that is the subject of this appeal.

When a creditor files a claim in a dependent administration, the personal representative has thirty days to allow or reject the claim. Act of April 4, 1955, 54th Leg., R.S., ch. 55, § 309, 1955 Tex. Gen. Laws 88, 173; *amended by* Act of June 17, 1995, 74th Leg. R.S. ch. 1054 § 11, 1995 Tex. Gen. Laws 5207, 5211;[1] *now codified at*

Brent A. Bishop, Edmundo O. Ramirez, Thomas D. Koeneke, Ellis, Koeneke & Ramirez, Attorneys at Law, McAllen, for Appellant.

Richard J. W. Nunez, John Williamson, Attorneys at Law, Brownsville, for Appellee.

1. The 1995 amendments apply only to the    estate of persons who die on or after January

TEX. PROB.CODE ANN. § 309. If the representative neither allows nor rejects the claim within thirty days, the claim is rejected as a matter of law. Act of April 4, 1955, 54th Leg., R.S., ch. 55, § 310, 1955 Tex. Gen. Laws 88, 173; *amended by* Act of June 17, 1995, 74th Leg. R.S. ch. 1054 § 12, 1995 Tex. Gen. Laws 5207, 5211–12; *now codified at* TEX. PROB.CODE ANN. § 310. Section 313 governs the procedure for pursuing a rejected claim:

> When a claim or part thereof has been rejected by the representative, the claimant shall institute suit thereon in the court of original probate jurisdiction in which the estate is pending or in any other court of proper jurisdiction within ninety days after such rejection or the claim shall be barred.
>
> . . .

Act of April 4, 1955, 54th Leg., R.S., ch. 55, § 313, 1955 Tex. Gen. Laws 88, 174; *amended by* Act of June 17, 1995, 74th Leg. R.S. ch. 1054 § 15, 1995 Tex. Gen. Laws 5207, 5212; *now codified at* TEX. PROB.CODE ANN. § 313.

■ The estate argues that the trial court was correct in denying IBC's claim because:

(1) IBC never filed a "suit" on a rejected claim pursuant to § 313; and

(2) suit could not be instituted until after the claim was rejected; *i.e.*, the statute provides a "window" of time to file suit on claims that are rejected as a matter of law that begins at the conclusion of the 30 days for the personal representative to act, and then goes on for 90 days after rejection.

IBC argues that its "motion to require sale" filed on the same day it filed its claim should be construed as "instituting suit" on the claim, and that its suit could be filed any time before ninety days after the claim was rejected.

We agree that the "motion to require sale" should be construed as "instituting suit" on the claim. The probate code does not define the phrase "institute suit." Generally, pleadings and motions are to be construed liberally and judged by their substance rather than their titles. TEX.R. CIV. P. 71; *Dohrn v. Delgado*, 941 S.W.2d 244, 248 (Tex.App.—Corpus Christi 1996, no writ) (citing *McCurry v. Aetna Casualty and Surety Co.*, 742 S.W.2d 863, 866 (Tex.App.—Corpus Christi 1987, writ denied)). The motion set out IBC's claim, the facts supporting that claim, and asked for relief under the note in satisfaction of its claim. We conclude that the substance of the motion, construed liberally, could constitute a "suit" within the meaning of section 313.

Appellee argues that IBC never filed suit on a rejected claim because all of its pleadings erroneously stated that the claim had been approved. However, appellee concedes that the claim was, in fact, rejected. Therefore, appellee's suit on its claim was a suit on a rejected claim, notwithstanding the erroneous statements that the claim had been approved.

■ We also reject appellee's argument that IBC was required to wait until after the claim was rejected before filing suit. Section 313 provides "When a claim or part thereof has been rejected by the representative, the claimant shall institute suit thereon . . . within ninety days after such rejection, or the claim is barred." Act of April 4, 1955, 54th Leg., R.S., ch. 55, § 313, 1955 Tex. Gen. Laws 88, 174; *amended by* Act of June 17, 1995, 74th Leg. R.S. ch. 1054 § 15, 1995 Tex. Gen. Laws 5207, 5212; *now codified at* TEX. PROB.CODE ANN. § 313. This statute provides only an "end" date—ninety days after rejection. The statute has no provision barring a claim filed prematurely.

A creditor's suit on a rejected claim is analogous to a motion for new trial or an

1, 1996. Act of June 17, 1995, 74th Leg. R.S. ch. 1054 § 30, 1995 Tex. Gen. Laws 5207, 5216. Because Sergio Martinez died in 1991, the previous law remains in effect for his estate.

appeal—in all three situations, a party wishes to challenge a decision that has been made on its claim. Premature motions for new trial are deemed to have been filed on the date of, but subsequent to, the signing of the judgment the motion assails. TEX.R. CIV. P. 306c. A prematurely filed notice of appeal is also deemed filed on the day of, but after, the event that begins the period for perfecting appeal. TEX.R.APP. P. 27. Similarly, we reject appellee's argument that IBC's claim should be barred because it was filed prematurely.

The order of the trial court denying and dismissing IBC's claim is reversed. We remand this case to the trial court for further proceedings consistent with this opinion.